**WALTHAM INDUSTRIES CORPORATION and MIF Industries, Inc., Plaintiffs,**

**v.**

**Robert S. THOMPSON and Albert S. Fehsenfeld, Defendants.**

**Civ. No. 14125.**

United States District Court, D. Connecticut.

June 21, 1971.

Marc A. Wallman, of Brenner, Susman & Duffy, New Haven, Conn., for plaintiffs.

Robert K. Ciulla, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendants.

TIMBERS, Chief Judge.

This action arises out of a merger of five corporations consummated September 19, 1969 (Waltham, MIF, Canaan Corporation and its two wholly owned subsidiaries, MIF Industries and Learning Centers, Inc.). Plaintiffs are the surviving corporations. Defendants were stockholders and officers of the merged corporations (Canaan and MIF Industries). The surviving MIF corporation is a Delaware corporation; the ·merged MIF corporation was a Connecticut corporation. As part of the Plan and Agreement of Merger, defendants were to provide financial statements showing the properties, assets and liabilities of the merged corporations. Plaintiff corporations allege in their complaint that the financial statements which defendants provided misrepresented the amount of inventory shortage and operating losses of MIF (Conn.), one of the merged corporations. This action was commenced pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1964), to recover damages, partially to rescind the Agreement of Merger, and to cancel defendants' stock options and employment contracts.

As part of their answer to the complaint, defendants interposed five counterclaims. Plaintiffs initially moved to dismiss the first three counterclaims. The first and second counterclaims seek payment on defendants' employment contracts. The third counterclaim seeks recovery of damages for breach of the Agreement of Merger. At oral argu-

ment, plaintiffs withdrew their motions to dismiss the first and second counterclaims. There remains to be ruled upon, plaintiffs' motion to dismiss the third counterclaim.

The third counterclaim may be summarized as follows: As part of the Plan and Agreement of Merger, defendants were to receive shares of stock in Waltham. That stock was placed in an escrow account, to be released only when the surviving corporations reached a certain earning level. Defendants allege that the surviving corporations did not use their best efforts to reach the necessary earnings level; that they did not provide the necessary capital; and that they did not use prudent business judgment in the operations of the corporations. Defendants further allege that the failure properly to manage the surviving corporations, and the consequent failure to reach the necessary earnings level, all constitute a breach of the Plan and Agreement of Merger (¶ 2 of the Amending Agreement thereto).

■ If a counterclaim is permissive, there is no federal jurisdiction with respect thereto unless the counterclaim rests on an independent jurisdictional ground. O'Connell v. Erie Lackawanna R. R. Co., 391 F.2d 156, 163 (2 Cir. 1968), vacated and ordered dismissed as moot, 395 U.S. 210 (1969); Lesnik v. Public Industrials Corp., 144 F.2d 968, 976 n. 10 (2 Cir. 1944). See also United States v. Heyward-Robinson Co., 430 F.2d 1077, 1080 (2 Cir. 1970), and cases cited therein. Plaintiffs argue that the third counterclaim is merely permissive and that no independent jurisdictional ground exists—i. e. that there is no diversity and the cause of action alleged in the counterclaim is not based upon the federal security laws.

■ If a counterclaim is compulsory, then it is ancillary to the claim asserted in the complaint and no independent basis of federal jurisdiction is required. United States v. Heyward-Rob-

inson Co., *supra*, at 1081; United Artists Corp. v. Masterpiece Productions Inc., 221 F.2d 213 (2 Cir. 1955); Moore v. New York Cotton Exchange, 270 U.S. 593 (1926). Rule 13(a), Fed.R.Civ.P., provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The scope of a compulsory counterclaim under Rule 13(a) is to be given a broad interpretation. United States v. Heyward-Robinson, *supra*, at 1081; United Artists Corp. v. Masterpiece Productions Inc., *supra*, at 216. For a counterclaim to be compulsory, the counterclaim and the claim in the complaint need only have a logical relationship and need not have identical factual backgrounds. Lesnik v. Public Industrial Corp., *supra*, at 975; Moore v. New York Cotton Exchange, *supra*, at 610. A compulsory counterclaim under Rule 13(a) is intended to avoid a multiplicity of suits. 3 Moore's Federal Practice ¶13.13, at 33–36 (2d ed. 1968); Southern Construction Co. v. Pickard, 371 U.S. 57, 60 (1962).

■ The Court holds that the third counterclaim is compulsory. There is a close and logical relationship between the counterclaim and the cause of action alleged in the complaint. We are dealing with the same merger agreement and the same parties. The proof of plaintiffs' main claim (misrepresentation in the financial statements) will bear upon the counterclaim's allegation of mismanagement of the surviving corporations. The facts are closely interwoven. Basically, both the main claim and the counterclaim rely upon breach of warranties made in the Agreement of Merger. Plaintiffs allege that the Agreement of Merger (Article XVII) required defendants to provide correct statements as to the financial status of the merged corporations; and that the allegedly false financial statements were a breach of that part of the Agreement. Defendants' counterclaim alleges that the Agreement of Merger (Amending

Agreement thereto) placed defendants' stock in escrow, to be released only upon the surviving corporations reaching a certain earnings level; and that failure to reach that earnings level is a breach of that Agreement and the warranties included therein. The Court is persuaded that, under the applicable law, the third counterclaim is indeed compulsory because proof that the financial statements were true or false will bear upon and be crucial to the determination as to whether the surviving corporations were successfully and properly managed in an attempt to reach the required earnings level.

The motion to dismiss the third counterclaim accordingly is denied.

Plaintiffs' motion for a more definite statement also is denied. See 2A Moore's Federal Practice ¶12.18, at 2389 (2d ed. 1968).