MARIE LIMA, Plaintiff-Appellant, *v.* DISNEY WORLD, INC., Defendant-Appellee.

First District (3rd Division)   No. 76-600

Opinion filed March 30, 1977.

James A. Gately, of Chicago, for appellant.

Baker & McKenzie, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, Marie Lima, filed this action for personal injuries against

the defendant, Disney World Company, a nonresident corporation, in the circuit court of Cook County. Defendant filed a special appearance to contest jurisdiction. The trial court entered an order allowing defendant's motion to quash service of summons. Plaintiff appeals.

■■ Plaintiff's suit was brought to recover for injuries sustained while eating "a frozen banana on a stick" which contained a foreign substance and which she purchased from a vendor on defendant's premises in Florida. Service of summons was had in defendant's corporate offices in Florida. Thereafter, defendant filed its motion to quash service of summons on the grounds of lack of jurisdiction. In support of its motion, defendant filed the affidavit of Philip N. Smith, its vice-president-legal and secretary. In his affidavit, Smith set forth the following facts. Defendant is a Delaware corporation qualified to do business in the State of Florida. Its sole business activity is the ownership and operation of an entertainment complex in Bay Lake, Florida, and its only place of business is in the State of Florida. Defendant is not qualified to do business in Illinois. It has no assets, offices, places of business, agents, employees, salesmen or representatives anywhere in Illinois. Defendant has neither incurred nor paid taxes to Illinois, and has not appointed an agent for service of process in Illinois. It is not listed in any Illinois telephone directory and does not pay any commission to travel agents in Illinois for booking reservations at its Florida complex. This affidavit was uncontroverted.

Plaintiff seeks to obtain jurisdiction over the non-resident corporation pursuant to section 17 of the Civil Practice Act (the Illinois long-arm statute) which provides in pertinent part as follows:

"(1) Any person, whether or not a citizen or resident of the State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State;
(b) The commission of a tortious act within this State;
* * *

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section." Ill. Rev. Stat. 1975, ch. 110, par. 17.

It is undisputed that the alleged tortious act occurred in Florida. The product was sold and consumed in Florida. It is also our view that insufficient minimum contacts exist between defendant and the State of Illinois so as to provide a jurisdictional basis as defined in the long-arm statute.

In the case of *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 319, 90 L. Ed. 95, 104, 66 S. Ct. 154, the Supreme Court set out the constitutional standards which must be met in order to obtain jurisdiction over nonresident defendants through State long-arm statutes:

> "* * *Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations."

The court stated that the relationship of the defendant to the forum State must comport with the "traditional conception of fair play and substantial justice" before the State can compel the nonresident defendant to answer and defend the claim against it. 326 U.S. 310, 320, 90 L. Ed. 95, 104, 66 S. Ct. 154.

■■■ In *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, the court upheld the constitutionality of section 17 of the Civil Practice Act. It noted that while the conscious purpose of the long-arm statute is to assert jurisdiction over nonresident defendants, such purpose is limited to the extent permitted by the due process clause. There is no mechanical test which can be applied. Each case of contested jurisdiction must be evaluated on its particular facts and circumstances. (*Stansell v. International Fellowship, Inc.* (1974), 22 Ill. App. 3d 959, 318 N.E.2d 149.) The determination must be made according to what is fair and reasonable in the particular situation before the court. One factor which does weigh heavily is whether the defendant, through its activites, voluntarily invoked the protections and benefits of the State of Illinois. *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149.

A case cited by plaintiff in support of her contention that the requisite minimum contact exists between defendant and Illinois to support *in personam* jurisdiction, *Hutter Northern Trust v. Door County Chamber of Commerce* (7th Cir. 1968), 403 F.2d 481, is clearly distinguishable from the present case. In *Hutter*, plaintiff's complaint charged that the chamber of commerce had conspired with certain individual resort owners to maliciously interfere with his business and had libeled him in a letter to Illinois residents. The district court dismissed the complaint. The court affirmed the dismissal of the complaint as to the individuals, but held that Illinois had jurisdiction over the chamber of commerce since the latter's principal business activity was to attract Illinois residents to Door County. No comparable situation exists in the present case. It should also be noted that in *Hutter* the alleged libel occurred in Illinois.

■■ In the instant case, defendant's ties to Illinois are nonexistent. Plaintiff has insisted in this court without support in the record that

defendant has engaged in constant and substantial solicitation of Illinois residents to patronize its facilities in Florida. She maintains, therefore, that such activity apprised defendant of the likelihood that Illinois residents would use its facilities and consequently rendered defendant subject to process in Illinois. She relies on a holding of this court to support that contention. (*Bania v. Royal Lahaina Hotel* (1976), 37 Ill. App. 3d 661, 347 N.E.2d 106.) In that case, plaintiff was injured while a guest in a hotel in Hawaii. Plaintiff, pursuant to instructions from defendant's manager, brought suit in Illinois and served summons on defendant in Hawaii and on its insurance carrier in Illinois. The trial court quashed service of summons. This court reversed the order quashing service of summons on the basis that jurisdiction in Illinois may be acquired by consent, and the conduct of defendant's manager constituted consent. There was no such consent in the present case. Moreover, without repeating its contents, the uncontroverted affidavit of defendant's officer established that defendant lacks the necessary minimum contacts with this State to subject it to Illinois jurisdiction. The affidavit also demonstrates that it has not in any way invoked the benefits and protection of the laws of Illinois. In our opinion, plaintiff's attempt to subject defendant to *in personam* jurisdiction of the Illinois court offends "traditional notions of fair play and substantial justice."

Relying upon the case of *Furst v. Brady* (1941), 375 Ill. 425, 31 N.E.2d 606, plaintiff argues that jurisdiction was acquired over defendant because its insurance carrier transacts business in Illinois. In that case a liability insurance policy was issued to a nonresident motorist by an insurer licensed to do business in Illinois. The motorist was killed in an automobile accident which occurred in Illinois. The issue facing the court was whether because the deceased, if living, would have had a right of action on his policy in the county where the accident occurred, such right is properly deemed an asset of his estate. The court held that a sufficient situs existed in Illinois to warrant the appointment of a public administrator through whom rights under the policy would be determined. The court also held that the insurance contract, and the liability which accrued thereunder, was part of the personal estate of the deceased motorist and had its situs in the county where the accident took place. The fact that the insurance carrier was licensed to do business in Illinois was not used as a basis to obtain jurisdiction over a nonresident defendant without ties to Illinois.

For the reasons stated, the trial court properly quashed service of summons. The order of the circuit court of Cook County is affirmed.

Order affirmed.

SIMON, P. J., and JIGANTI, J., concur.