Donald E. PAYNE, Plaintiff and Counterdefendant,

v.

AHFI NETHERLANDS, B.V., a corporation, and American Hospital Supply Corporation, a corporation, Defendants and Counterclaimants,

v.

David M. EDWARDS and Daniel C. Lee, Additional Counterdefendants.

No. 79 C 1108.

United States District Court, N. D. Illinois, E. D.

Jan. 18, 1980.

Raymond R. Cusack and Neil D. O'Connor, Johnson, Cusack & Bell, Ltd., Chicago, Ill., for plaintiff and counterdefendant.

Don H. Reuben, Gary M. Elden and Philip C. Stahl, Reuben & Proctor, Chicago, Ill., for defendants and counterclaimants.

## ORDER

BUA, District Judge.

The present matter was brought before this court by plaintiff/counterdefendant Donald E. Payne. In his three count complaint, Payne seeks to recover from defendants/counterclaimants AHFI Netherlands, B. V. [AHFI] and American Hospital Supply Corporation [AHSC] for fraud, misrepresentation and breach of contract. These claims, it is contended, developed out of the employment relationship Payne maintained with AHFI and AHSC. Plaintiff/counterdefendant Payne, a citizen of the United Kingdom, resides outside of the United States. That being so, as the amount in controversy with respect to his claims exceeds $10,000, exclusive of interest and costs, and there is complete diversity between Payne and the defendants/counterclaimants, subject matter jurisdiction over his complaint properly lies pursuant to 28 U.S.C. § 1332(a)(2).

Included in the AHFI–AHSC response to the Payne complaint is a three count counterclaim, naming Payne, David M. Edwards and Daniel C. Lee as counterdefendants. This counterclaim, being compulsory in nature, is looked upon for jurisdictional purposes as being ancillary to the primary claim raised by plaintiff/counterdefendant Payne. Accordingly, as there is subject matter jurisdiction to hear the Payne complaint, the AHFI–AHSC counterclaim also is properly before the court.

Now before the court are a number of motions, filed by plaintiff/counterdefendant Payne and counterdefendants Edwards and Lee, challenging the propriety and validity of the AHFI–AHSC counterclaim. Said motions include:

(1) Counterdefendants Lee and Edwards' motion to dismiss the counterclaim, to the extent it relates to them, for lack of personal jurisdiction. Rule 12(b)(2), Fed.R.Civ.P.

(2) Counterdefendants Lee and Edwards' motion to dismiss the entire counterclaim for failing to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.

(3) Counterdefendants Lee and Edwards' motion to dismiss the entire counterclaim for reasons of improper venue. Rule 12(b)(3), Fed.R.Civ.P.

(4) Counterdefendants Lee and Edwards' motion to dismiss the counterclaim, to the extent it relates to them, for lack of subject matter jurisdiction. Rule 12(b)(1), Fed.R.Civ.P.

(5) Plaintiff/counterdefendant Payne's motion to dismiss Counts I and II of the counterclaim for lack of subject matter jurisdiction. Rule 12(b)(1), Fed.R.Civ.P.

(6) Counterdefendants Lee and Edwards' motion to have the present action and counterclaim transferred to the Central District of California. 28 U.S.C. § 1404(a).

Also before the court is the motion of defendants/counterclaimants AHFI and AHSC seeking an award to them of those attorneys' fees and costs incurred in opposing the aforementioned motions. Rule 11, Fed.R.Civ.P.; Ill.Rev.Stat. ch. 110, § 41.

For the reasons stated below, it is the conclusion of this court that all of the motions under discussion should be denied. Accordingly, it is so ordered.

*Lee—Edwards Motion to Dismiss*
*For Lack of Personal Jurisdiction*

Counterdefendants Lee and Edwards do not reside in, nor are they residents of,

Illinois. That being so, if this court is to properly exercise personal jurisdiction over them with respect to the AHFI–AHSC counterclaim, it must do so pursuant to the terms of the Illinois long-arm statute, Ill. Rev.Stat. ch. 110, § 17. This is so because the Payne action—the primary claim in the present matter—was filed in this district. Personal jurisdiction over said counterdefendants, however, may properly be exercised pursuant to § 17(1)(b), the "tortious act" provision, of the Illinois statute.[1]

■ For personal jurisdiction to lie under the "tortious act" provision of the Illinois long-arm statute, it must be shown that the wrongful conduct complained of resulted in injury to the complainant and that such injury occurred or was suffered in Illinois. *See, e. g., Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1142 (7th Cir. 1975). In their counterclaim, AHFI and AHSC allege that the counterdefendants conspired both to convert certain AHFI property and monies (Counts I and II) and to breach the fiduciary duty owed by them to the counterclaimants as a consequence of their employment relationship (Count III). Conduct of this nature is considered tortious under Illinois jurisdictional law. *Florendo v. Pan Hemisphere Transport, Inc.,* 419 F.Supp. 16, 17–18 (N.D.Ill. 1976). As regards each of the AHFI–AHSC claims, it appears that the wrongful acts complained of occurred outside of Illinois. It appears equally clear, however, that the counterdefendants knew, or reasonably should have known, that their actions would result in injury to counterclaimant AHSC.[2] Because this is so, it must be said that, as a matter of law, the principal injury to the counterclaimants was suffered in Evanston, Illinois,[3] the principal place of business of AHSC at all times herein relevant, *Southeast Guaranty Trust Co., Ltd. v. Rodman & Renshaw, Inc.,* 358 F.Supp. 1001, 1005, 1008–09 (N.D.Ill.1973), and accordingly that counterdefendants Lee and Edwards have committed a "tortious act" in Illinois, *Jack O'Donnell Chevrolet, Inc. v. Shankles,* 276 F.Supp. 998, 1002–03 (N.D.Ill.1967).

■■ The exercise of personal jurisdiction over Lee and Edwards in this instance, in addition, would not be unfair to said counterdefendants. In Illinois, when determining the essential fairness of an exercise of personal jurisdiction over a nonresident defendant, one factor that weighs heavily is whether such defendant, through his activities, voluntarily invoked the benefits and protections of the state's laws. *Lima v. Disney World, Inc.,* 47 Ill.App.3d 658, 659, 7 Ill.Dec. 804, 806, 365 N.E.2d 89, 91 (Ill.Ct. App.1977). In agreeing that their overseas employment relationship with AHFI and AHSC was to be governed by Illinois law, counterdefendants Lee and Edwards clearly availed themselves of the protections and benefits of the present forum's laws. In

---

**1.** Ill.Rev.Stat. ch. 110, § 17(1)(b) provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

　＊　　＊　　＊　　＊　　＊　　＊

(b) The commission of a tortious act within the State.

**2.** AHFI Netherlands, B. V. [AHFI] is a wholly owned subsidiary of the American Hospital Supply Corporation [AHSC]. The operations of the two entities, in addition, are heavily intertwined and, if viewed from a practical perspective, it would be proper and correct to state that any injury to AHFI would necessarily result in injury to AHSC.

From the memoranda and various pleadings submitted by the counterdefendants, it also is clear that said individuals were aware that AHFI and AHSC were heavily interrelated entities. Such materials, moreover, indicate that the counterdefendants believed that, when committing the acts complained of, their actions would have a direct effect on both counterclaimants.

**3.** That the principal injury in the present matter was suffered by AHSC, and that the counterdefendants believed this would be so, is clearly evidenced by the fact that the alleged "extortion" TELEX prepared and transmitted by the counterdefendants was sent directly to AHSC at the counterclaimant's main office in Evanston, Illinois.

view of that fact, it appears clear that personal jurisdiction over said counterdefendants properly lies under Illinois law, and accordingly in this court.

### Lee—Edwards Motion to Dismiss For Failure to State a Claim

[6] In their motion to dismiss, counterdefendants Lee and Edwards argue that each Count of the AHFI–AHSC counterclaim may properly be stricken for failing to state a claim upon which relief can be granted. In support of their position, however, said counterdefendants make only a few very brief and conclusory statements. Their contention in this regard, moreover, is clearly without merit, for it is more than apparent from the face of the pleading that an adequate claim for relief has been stated in each of the three Counts contained in the AHFI–AHSC counterclaim.

### Lee—Edwards Motion to Dismiss For Reasons of Improper Venue

■■■ When either of the two most widely accepted and utilized tests bearing on the question [4] are applied, it becomes quite clear that the AHFI–AHSC counterclaim is compulsory in nature. See Albright v. Gates, 362 F.2d 928, 929 (9th Cir. 1966); In re Penn Central Transportation Co., 419 F.Supp. 1376, 1383–84 (E.D.Pa. 1976); Sun Shipbuilding & Dry Dock Co. v. Virginia Electric and Power Co., 69 F.R.D. 395, 396–98 (E.D.Pa.1975); Waltham Industries Corp. v. Thompson, 53 F.R.D. 93, 95 (D.Conn.1971). That being so, in view of the allegations made in said counterclaim, the joining of Lee and Edwards as counterdefendants was proper under the circumstances. Rule 13(h), Fed.R.Civ.P.; see Albright v. Gates, supra at 929; In re Penn Central Transportation Co., supra at 1383–84; Value Line Fund, Inc. v. Marcus, 161 F.Supp. 533, 535 (S.D.N.Y.1958).

Because the counterclaim under discussion is compulsory in nature, venue with respect to it is proper in this district. Said counterclaim, being compulsory, must be looked upon for jurisdictional and venue purposes as being ancillary to the primary claim filed in the matter—that raised by plaintiff/counterdefendant Payne. Accordingly, in that venue with respect to the Payne complaint is proper in this district, those venue objections regarding the AHFI–AHSC counterclaim must fail. Joseph Bancroft & Sons Co. v. Lowenstein & Sons, Inc., 50 F.R.D. 415, 419–20 (D.Del. 1970); G & M Tire Co. v. Dunlop Tire & Rubber Corp., 36 F.R.D. 441, 441–42 (N.D. Miss.1964); 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1436 at 194.

### Lee—Edwards Motion to Dismiss For Lack of Subject Matter Jurisdiction

■■■ As was noted above, as regards the question of federal jurisdiction, the AHFI–AHSC counterclaim, being compulsory in nature, is to be considered ancillary to the Payne claim. Accordingly, because subject matter jurisdiction has been shown to lie with respect to the Payne complaint, an independent basis for federal jurisdiction need not be established for such jurisdiction to properly lie over the AHFI–AHSC claims. See, e. g., Annis v. Dewey County Bank, 335 F.Supp. 133, 136 (D.S.D.1971). Such ancillary jurisdiction, moreover, properly extends and is applicable to those additional parties counterdefendant joined pursuant to Rule 13(h). See Markus v. Dillinger, 191 F.Supp. 732, 735 (E.D.Pa.1961); United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers, 161 F.Supp. 132, 134 (S.D.Cal.1958). As that also is so, there can be no question that federal jurisdiction properly lies over the AHFI–AHSC counterclaim to the extent it relates to counterdefendants Lee and Edwards.

■■■ Counterdefendants Lee and Edwards, however, citing Martin v. Graybar Electric Co., 266 F.2d 202 (7th Cir. 1959),

4. When determining whether the counterclaim at issue should be considered compulsory or permissive in nature, most courts today would apply either a "logical relationship" or "substantial identity of evidence" test. 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1410 at 41–48.

argue that the existence of certain other actions, now pending in the Central District of California, mandates that the counterclaim at issue be dismissed on jurisdictional grounds. This contention is without merit. The California suits discussed by the counterdefendants are individual actions involving AHFI and Lee, and between AHFI and Edwards. In each of the California suits, AHFI seeks recovery for certain of the acts complained of in Counts I and II of the present counterclaim. AHFI's California claims, though, are far from identical to those currently being raised. No conspiracy claims, for example, have been made in the California suits. Plaintiff/counterdefendant Payne, moreover, is not a party to any of the California actions, and the claims raised in Count III of the present counterclaim are totally absent from the California litigation. With such a substantial lack of identity of issues existing, the dismissal sought by Lee and Edwards can hardly be considered warranted. *See Tasner v. Billera*, 379 F.Supp. 809, 813–15 (N.D.Ill.1974).

*Martin v. Graybar Electric Co., supra,* also is not supportive of said counterdefendants' argument. *Martin* does not, as Lee and Edwards appear to contend, direct that when like actions have been filed in different federal courts, the later-filed action must be dismissed. To the contrary, the decision states merely that, in such circumstances, if the issues to be resolved are for the most part alike, the court presiding over the initial action may, at its discretion, enjoin the later proceedings. *Supra* at 204–05. As that is so, if counterdefendants Lee and Edwards desire to avail themselves of the *Martin* rule, the proper course of conduct for them to follow would be to move the California district court to have this court enjoined from hearing Counts I and II of the AHFI–AHSC counterclaim, to the extent said Counts relate to Lee and Edwards, until such time as the California

suits have been resolved. The issuance of such relief, however, would not be mandatory, *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257, 1263 (7th Cir. 1977); *Struthers Scientific & International Corp. v. General Foods Corp.*, 290 F.Supp. 122, 129 (S.D.Tex.1968), and whether it would be forthcoming in the present situation clearly is questionable. *Tasner v. Billera, supra* at 813–15.

*Payne's Motion to Dismiss*
*For Lack of Subject Matter Jurisdiction*

■ From the foregoing analysis, it also is clear that there is subject matter jurisdiction to hear the AHFI–AHSC counterclaim as it relates to plaintiff/counterdefendant Payne. In his motion, however, Payne argues that, for reasons of justice and essential fairness, Counts I and II of said counterclaim must be dismissed to the extent they apply to him. Payne bases this contention on the fact that in another action, currently pending in the Republic of Korea, AHFI appears to be seeking to recover for many of the same wrongful acts.

Although no authority could be found which allows for the specific relief Payne seeks, his contentions in this regard cannot be summarily dismissed as being entirely without merit. Payne, for example, because the action against him is pending in the courts of Korea, will not be able to avail himself of the protections afforded under the aforementioned *Martin* holding. Also, as regards the Korean suit, it is far from clear whether—and if so, to what extent—the findings of the Korean court will effect Payne's potential liability in the present matter.[5] The burden imposed upon this counterdefendant by the pendency of the related action involving him, therefore, may well be far greater than that incurred by the other counterdefendants because of the California suits.

That plaintiff/counterdefendant Payne may be so burdened, however, is not in this

---

5. Although such is not entirely clear, it seems that, while counterdefendants Lee and Payne both are named as defendants in the Korean action, only Payne is properly before that country's courts. Accordingly, any recovery for the alleged wrongdoing at issue in that suit can be had only from this counterdefendant. Also, it appears that, because jurisdiction has not been exercised over Lee, any findings made by the Korean court with respect to said wrongdoing will be binding only upon Payne.

instance sufficient to warrant the relief he requests. Of most significance in this respect is the fact that the issues to be resolved in the Korean suit, like those in the actions now pending in California, differ substantially from the ones presented in Counts I and II of the counterclaim at issue. In said counterclaim, AHFI and AHSC contend that the injuries complained of resulted from conspiratorial acts committed by the counterdefendants. No such conspiracy allegations are made in the Korean action. To the contrary, counterdefendant Edwards has not even been named as a defendant in that suit. As that is so, if Payne were to be granted the relief he asks, the counterclaimants would be denied the opportunity to pursue their claims to the fullest extent allowed by this nation's laws. Such a result, this court believes, would not under the circumstances be proper.

Although plaintiff/counterdefendant Payne's motion to dismiss must be denied, said denial will be without prejudice. As questions regarding the potential legal effects of the Korean proceedings on the present matter still remain, the possibility exists that the equities may yet be shown to favor this counterdefendant. That being so, if the Korean action is resolved in a manner unfavorable to him, Payne will be given leave to again move for dismissal.

### Lee—Edwards

### Motion to Transfer

Counterdefendants Lee and Edwards also contend, in the alternative, that if the AHFI–AHSC counterclaim cannot be dismissed to the extent that it relates to them, the entire action—the Payne complaint and the counterclaim at issue—should, pursuant to 28 U.S.C. § 1404(a), be transferred to the Central District of California for consolidation with the aforementioned suits now pending in that jurisdiction.[6] In support of their position, said counterdefendants argue that the existence of the prior actions in California, coupled with the fact that prosecution of the AHFI–AHSC claims raised in

this district and in California will apparently require the presentation of much of the same evidence and involve many of the same witnesses, mandates such a result. This court does not agree.

That related actions are pending in another federal district clearly is a factor to be considered when determining whether the suit in question should be transferred. *See e. g., Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority,* 442 F.Supp. 1201, 1208 (S.D.N.Y.1978). Indeed, there is a strong policy, based upon considerations of judicial economy and efficiency, in favor of having substantially similar matters litigated before the same tribunal. *See Rodgers v. Northwest Airlines, Inc.,* 202 F.Supp. 309, 312 (S.D.N.Y.1962). The fact that related matters are being heard elsewhere, however, is not in itself conclusive as to the propriety of a § 1404(a) transfer. *Farbenfabriken Bayer A. G. v. National Distillers & Chemical Corp.,* 324 F.Supp. 156, 158 (S.D.N.Y.1971); *Thomson & McKinnon v. Minyard,* 291 F.Supp. 573, 577 (S.D.N.Y. 1968). To the contrary, it has been held that this factor, standing alone, is entitled to little weight. *American Can Co. v. Crown Cork & Seal Co., Inc.,* 433 F.Supp. 333, 338 (E.D.Wis.1977).

The fact remains that, before a § 1404(a) motion can be granted, the party seeking the change of venue must make a clear showing that trial of the matter at issue in the present forum would be both inconvenient and contrary to the interests of justice. *See generally Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463, 465 (S.D.N.Y.1977). The movant's burden is a heavy one. As was stated in *Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority,* "[t]ransfer will not be granted absent a clear cut and convincing showing by [the moving party] that the balance of convenience weighs strongly in favor of the transferee court." *Supra* at 1207, *quoting General State Authority v. Aetna Casualty and Surety Co.,* 314 F.Supp. 422, 423 (S.D.N.Y.1970). If the movant is to prevail, the

---

6. At page 4 of his Memorandum In Support Of Plaintiff's Motion To Dismiss, plaintiff/counterdefendant Payne makes it quite clear that he

has not joined and is not a party to this motion of counterdefendants Lee and Edwards.

proof he presents must directly and substantially favor the proposed transfer. *See Jones v. Walt Disney World Co.,* 409 F.Supp. 526, 529 (W.D.N.Y.1976).

Counterdefendants Lee and Edwards very simply have not met this burden with respect to the motion under discussion. But for the fact that there are related actions pending in California, this court would have no reservation in finding that Illinois is by far the most appropriate forum for this litigation to be heard. The evidence presented by the parties indicates that, on the whole, Illinois is the more convenient forum. Of greater importance, however, is that it is far from clear whether the interests of justice would be best served if the present matter were transferred to California. The counterclaim at issue involves . claims of conspiracy—claims not raised in the California suits. The actions thus are not as related as they may at first glance have appeared. Said conspiracy claims, moreover, were not brought in California because jurisdiction in that forum could not be had over all of the relevant parties. It was only in this district that the counterclaimants, after some effort, were able to obtain full jurisdiction over all of the alleged conspirators. These factors, the court believes, are of considerable significance and, when viewed in light of the other evidence presented, militate in favor of retaining the present matter in this locale.

### Defendants/Counterclaimants Motion for Sanctions

As regards the contentions made by the defendants/counterclaimants in their motion, the court does not feel that the factual characterizations made by counterdefendants Lee and Edwards were, when taken in context, so inaccurate as to be deemed misleading. The sanctions sought, therefore, do not appear to be warranted. Said characterizations, however, as the defendants/counterclaimants correctly point out, were in fact erroneous. Because that is so, counterdefendants Lee and Edwards are cautioned to, when reporting to the court in the future, exercise great care to insure the accuracy of their representations.

### Conclusion

As is indicated by the above discussion, it is the conclusion of this court that all of the motions under discussion should be denied. Accordingly, such is ordered and directed.