**SUNDANCE LEASING COMPANY,
Plaintiff,**

v.

**J. Gordon BINGHAM, Jr., Defendant.**

**Civ. A. No. 3–79–0708–H.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 24, 1980.

Robert F. Maris and Kemp Gorthey, Kolodey, Thomas, Dooley, Maris & Lilly, Dallas, Tex., for plaintiff.

Roger A. Stone, Memphis, Tenn., for defendant.

## ORDER OF TRANSFER

SANDERS, District Judge.

This case is before the Court on Defendant's Amended Motion to Transfer and Consolidate or to Dismiss, filed September 25, 1980. In reaching its decision, the Court has considered Defendant's Amended Motion; Plaintiff's response and brief in opposition, filed October 28, 1980; Defendant's reply brief, filed November 12, 1980; and the affidavits and pleadings on file. The Court is of the opinion that Defendant's Motion to Transfer should be granted.

Plaintiff Sundance is a Texas corporation doing business in Dallas, Texas; Defendant Bingham is a citizen of Tennessee. The same two parties are adversaries not only in this action but in a similar case pending in the United States District Court for the Western District of Tennessee. The claim involved here rests on two causes of action: (1) breach of a franchise agreement and default on payment of a promissory note; and (2) tortious interference with contractual and business relationships. Prior to the filing of this suit, Bingham had filed

suit in Tennessee against Sundance, seeking to avoid the promissory note on grounds of fraudulent inducement and misrepresentation concerning the franchise agreement. (*Bingham v. Sundance Leasing Company*, Civil Action No. 79–2277–M).

Sundance moved to transfer the Tennessee action to this district; that motion was denied by the Tennessee federal court August 27, 1980. Defendant Bingham now asks this Court (1) to transfer this action to the Western District of Tennessee to be consolidated with his similar action pending there, or (2) in the alternative, to dismiss Sundance's action for lack of personal jurisdiction. Sundance agrees that its causes of action for breach of the franchise agreement and for collection of the promissory note should be transferred to Tennessee. Sundance argues, however, that its tortious interference claim involves a different factual and legal context for which there is personal jurisdiction over the Defendant in Texas, and that such claim should not be transferred.

Sundance is correct in arguing that under 28 U.S.C. § 1404(a) its choice of forum should not be disturbed unless Defendant Bingham demonstrates that the balance of convenience weighs clearly and substantially in favor of transfer. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The Court's exercise of its discretion to determine relative convenience, *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968), however, includes a number of permissible factors and no attempt has been made under § 1404(a) "to catalogue the circumstances which will justify or require either grant or denial of remedy." *Gulf Oil Corporation v. Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843; *see also, Burbank International Ltd. v. Gulf Consolidated International, Inc.*, 441 F.Supp. 819, 821 (N.D.Tex.1977).

Considerations of judicial economy and efficiency clearly support a policy of having substantially similar matters litigated before the same tribunal. *See, e. g.,*

*Payne v. AHFI Netherlands*, 482 F.Supp. 1158, 1164 (N.D.Ill.1980); *Can-Base Productions, Ltd. v. Portrait Records*, 445 F.Supp. 777, 778 (S.D.N.Y.1978); *Rodgers v. Northwest Airlines, Inc.*, 202 F.Supp. 309, 312 (S.D.N.Y.1962). While not conclusive, therefore, the fact that a related action is pending in another federal district court, should be considered when determining whether the suit in question should be transferred. *Payne v. AHFI Netherlands*, 482 F.Supp. at 1164.

The Court finds this factor to be particularly compelling in these two cases where, although the claims for relief are not identical, they appear to rest on the common foundation of the business dealings between Sundance and Bingham. Both the claim for breach of contract and the claim for tortious interference will require evidence of the relationship between Sundance and Bingham, as well as evidence of the operation of the leasing program and the normal course of business contact between Sundance, Bingham and the other franchisees. While this Court has power to sever the two issues and transfer only the contract claim, *Henry I. Siegel Co. v. Koratron Co.*, 311 F.Supp. 697 (S.D.N.Y.1970), all the issues in the two cases can be most expeditiously and economically resolved in a single forum.

Furthermore, a dispute exists as to whether Defendant Bingham has had sufficient contacts with the State of Texas such that this Court, consistent with the dictates of due process, could exercise personal jurisdiction over him. Since the United States District Court for the Western District of Tennessee has concluded that it has personal jurisdiction over the parties, and this Court may not have personal jurisdiction, it is fair and reasonable to transfer this case to the Tennessee federal court. *See Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978).

Finally, Sundance is a corporation operating interstate; Bingham is an individual businessman operating primarily and perhaps solely in Tennessee. This factor weighs in favor of transfer.

This Court believes that the Tennessee federal court should decide whether the two cases, related as they are, should be consolidated.

Accordingly, Defendant's Motion to Transfer is GRANTED. This case is TRANSFERRED to the United States District Court for the Western District of Tennessee, Western Division. Defendant's Motion to Consolidate and Motion to Dismiss are DENIED.

So ordered.