GREGG COMMUNICATIONS SYSTEMS, INC., et al., Plaintiffs,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY; Western Electric Company, Inc.; Bell Telephone Laboratories, Inc., and Illinois Bell Telephone Company, Defendants.

No. 82 C 6291.

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1984.

John E. Noel, Chadwell & Kayser, Ltd., Chicago, Ill., for plaintiffs.

George L. Saunders, Jr., Theodore N. Miller, David J. Lewis, Sidley & Austin, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Three of the four defendants in this case—American Telephone and Telegraph Company, Western Electric Company, Inc. and Bell Telephone Laboratories, Inc.— have moved this Court for an order: (1) transferring this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a); and (2) severing the action against the moving defendants from the action against defendant Illinois Bell Telephone Company.

Defendants' principal argument in support of transferring this case is that an action involving "virtually identical" issues is presently pending before the District Court for the District of Columbia. *KWF Industries, Inc. v. American Telephone and Telegraph Company*, No. 83–0431 (D.D.C. filed Feb. 15, 1983) (hereinafter *"KWF Industries"*). Plaintiffs argue that substantial differences exist between this case and the *KWF Industries* case and that defendants' motion constitutes a col-lateral attack on the District of Columbia Court's order denying defendants' previously filed motion in that court to transfer the *KWF Industries* case to this district. *KWF Industries, Inc. v. American Telephone and Telegraph Company*, No. 83–0431 (D.D.C. July 18, 1983) (order denying motion to transfer and sever).

■ The pendency of a related case in the transferee district does not compel transfer under 28 U.S.C. § 1404(a). To the contrary, this factor, standing alone, is entitled to little weight. *Payne v. AHFI Netherlands, B.V.*, 482 F.Supp. 1158, 1164 (N.D.Ill.1980). A transfer under § 1404(a) will not be granted absent a convincing showing by the party seeking transfer that the balance of convenience weighs strongly in favor of the transferee court. *Id.; Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978). District courts are given broad discretion in determining whether a transfer under § 1404(a) is proper. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981).

■ Defendants have failed to show that a trial in Washington, D.C. would be more convenient for the parties or potential witnesses. Furthermore, defendants' contention that proceeding with separate trials in Chicago and Washington, D.C. would be a waste of time and money is not convincing.

Although the *KWF Industries* case and this case are related to the extent that both cases involve the post-*Carterfone* tariffs, APCM tariffs and the Code-A-Phone product, the cases also involve different products, different levels of distribution and different theories of liability. Also significant is that this case has been set for trial on July 2, 1984, while the *KWF Industries* case will not be tried until February 15, 1985. Since the cases apparently are proceeding at different stages of discovery, the interest of efficient judicial administration would not be served by transferring this case to the District of Columbia for consolidation.

Defendants have failed to sustain their burden of showing that the conveniences of witnesses and the interests of justice would be best served by transferring this case to the District of Columbia.

*Conclusion*

For the reasons stated above, defendants' motion to transfer and sever Illinois Bell Telephone Company as a defendant is denied.

IT IS SO ORDERED.