*1220
OPINION AND ORDER

NORGLE, District Judge:
Before the court is the defendants’ motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), 28 U.S.C. § 1406(a), and Fed.R.Civ.P. 4(j). For the reasons stated below, the court grants the motion to dismiss for lack of personal jurisdiction.

FACTS

Amid the excited cries of “BINGO” in a crowded room, plaintiff Louise Czarobski (“Czarobski”) was injured during a bingo game organized by defendants St. Kieran’s Church and the Diocese of San Diego Education and Welfare Corporation (“defendants”) in the State of California. On May 10, 1991, as Czarobski passed the entrance-way to the building in which the bingo game was held, another guest abruptly opened the door and struck Czarobski as that guest entered the building. The impact of the door caused Czarobski to fall, fracturing her hip. Czarobski charges defendants with various acts of negligence in relation to this event. All of these acts or omissions transpired in California.
Czarobski, a resident of South Holland, Illinois, travelled to California to attend the bingo match at the invitation of her friend Irene Kuchcik, a California resident. Defendants, two California corporations doing business in California, organized, controlled, and maintained the bingo game solely in California. The bingo game was advertised through the Bingo Bugle, a newspaper generally available in stores and bingo halls throughout the San Diego County area in California. Although defendants advertised for the bingo game locally, defendants did not direct advertising or solicitations to Illinois residents. Defendants furthermore do not operate any offices, other facilities, or bingo games in Illinois. Defendants’ board of directors or shareholders have not held meetings in Illinois, and none of the corporations’ officers or directors have attended any conferences or functions within Illinois.
Because California’s statute of limitations for personal injury actions is one year, and Czarobski failed to file an action within one year after the incident, Czarobski filed the present suit against defendants in Illinois in an attempt to recover for personal injuries for which she is now barred from recovering in California. Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), 28 U.S.C. § 1406(a), and Fed.R.Civ.P. 4<j), claiming lack of personal jurisdiction, improper venue, and failure to effectuate service of process within 120 days. The court finds it necessary to only address the issue of personal jurisdiction.

DISCUSSION

This court can exercise personal jurisdiction over a non-resident defendant in a diversity case only if an Illinois court would have jurisdiction. FMC Corp. v. Varonos, 892 F.2d 1308, 1310 (7th Cir.1990). The plaintiff bears the burden of proving sufficient facts to establish personal jurisdiction. Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir.1979); United States Ry. Equip. Co. v. Port Huron & D.R. Co., 495 F.2d 1127, 1128 (7th Cir.1974). The jurisdictional allegations in the complaint are taken as true unless controverted by defendant’s affidavits, with any conflicts in affidavits normally resolved in plaintiffs favor. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir.1987). Plaintiff must first establish the existence of jurisdiction under Illinois law and must second demonstrate that the exercise of jurisdiction over the defendant will not offend due process. Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership, 807 F.Supp. 470, 472 (N.D.Ill.1992).
There are three ways in which a plaintiff can establish personal jurisdiction over a nonresident corporate defendant under Illinois law. First, jurisdiction over a nonresident corporation may be exercised if it is doing business in Illinois with “a fair measure of permanence and continuity.” Cook Assoc., Inc. v. Lexington United Corp., 87 Ill.2d 190, 57 Ill.Dec. 730, 736, 429 N.E.2d 847, 853 (1981); see 735 ILCS 5/2-209(b)(4). Second, Illinois’ long-arm statute permits the exercise of personal jurisdiction over a nonresident corporate defendant if the plaintiffs claims arise out of any of the fourteen enumerated statutory grounds in 735 ILCS 5/2-209(a). Third, personal jurisdiction is proper “on any other basis” if that exercise of per *1221 sonal jurisdiction is “permitted by the Illinois Constitution and the Constitution of the United States.” See 735 ILCS 5/2-209(c); cf. Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 589 (7th Cir.1984) (exercise of personal jurisdiction must comport with constitutional due process principles).
Included among the fourteen enumerated grounds for the exercise of personal jurisdiction are the transaction of any business within Illinois; the commission of a tortious act within Illinois; the making or performance of any contract or promise substantially connected with Illinois; the acquisition of ownership, possession or control of any asset or thing of value present within Illinois when ownership, possession or control was acquired; and the breach of any fiduciary duty within Illinois. 735 ILCS 5/2—209(a)(1), (2), (7), (10) & (11). Conceding (correctly) that no other ground for personal jurisdiction is satisfied, Czarobski relies upon § 2-209(a)(2): the commission of a tortious act within Illinois.
Czarobski’s argument is that defendants should have known that out-of-state players, including players from Illinois, would accept the open invitation to attend the bingo game. Thus, the defendants should know that their negligence would likely cause injury to an invitee which, in turn, would be felt in that person’s home state if the injury was severe enough. In Czarob-ski’s ease, she returned to Illinois after being struck by the door at the bingo game in California and was placed under the care of a physician. For three months she was unable to move around without the aid of a walker or a wheel chair, and her movements were therefore infrequent. She experienced significant and progressively increasing pain in her hip while in Illinois and began physical therapy which she describes as painful. After surgery in Hammond, Indiana, Czarobski spent several months at her home in Illinois receiving further physical therapy and using the assistance of a walker and wheel chair for mobility. In light of these facts, Czarobski argues that the commission of the tort occurred in Illinois because damages are essential for the tort of negligence, and because a “substantial portion of her suffering from her injuries occurred in” Illinois.
Czarobski’s argument approaches contumacy.[1] The statute requires that a defendant commit a tortious act within Illinois. For purposes of a personal injury suit, the tortious act occurs where the injury is sustained. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761, 762-63 (1961). “[T]he place of a wrong is where the last event takes place which is necessary to render the actor liable.” Id. Czarobski suffered the impact from the door in California. That is where her injuries were sustained. Taken to its logical extreme, Czarobski’s argument would have this court find that defendants committed a tort in every jurisdiction through which Czarobski travelled while she experienced pain and suffering.
Czarobski cites Payne v. AHFI Netherlands, B.V., 482 F.Supp. 1158 (N.D.Ill.1980) as authority for her position. She argues that Payne stands for the proposition that personal jurisdiction is proper over a defendant who knows or reasonably should know that its conduct would cause a person to suffer injury in Illinois, even though the conduct occurred outside of Illinois. Czarobski thus argues that defendants should have been aware that their “widespread advertising would ultimately entice out-of-state people onto their premises” who would then suffer personal harm.
Payne, however, provides little hope for Czarobski’s personal injury suit. That ease involved claims that the eounterdefendants conspired to convert property and money and to breach fiduciary duties. Payne, 482 F.Supp. at 1161. Because these economic injuries to the eounterplaintiffs would be suffered at their principal place of business in Illinois, the Payne court held that the coun-terdefendants committed a tortious act in Illinois. Id. Although the eounterdefen- *1222 dants’ actions occurred outside of Illinois, the employment relationship forming the alleged fiduciary duties and which afforded the opportunity for the conversion of counterplain-tiffs’ property grew out of Illinois. Thus, under the facts of Payne, the court found that the tort occurred in Illinois, the location of the counterplaintiffs’ principal place of business.
When tortious conduct causes injuries economic in nature, the general rule is that the injury is felt where the injured party suffers the harm to his property interests. See Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 282 (7th Cir.1990) (misrepresentation and fraud occurred in Illinois where misrepresentations occurred during telephone calls placed from another state to Illinois resident); FMC Corp, 892 F.2d at 1313 (jurisdiction proper where defendant sent telexes and telecopies containing misrepresentations to Illinois resident; scheme to defraud an Illinois resident showed intent to affect Illinois interest). When the defendant is a corporation, the injury is normally bom at the corporation’s residence or place of business. See Habitat Wallpaper, 807 F.Supp. at 473 (damage to corporation’s intellectual property rights felt in Illinois by out-of-state infringer). Thus, where a defendant performs a tortious act or omission causing economic injury in Illinois, and the activity causing the injury indicated an intent to affect Illinois interests, personal jurisdiction may be proper so long as the cause of action arises from that act or omission. See Heritage House, 906 F.2d at 282 (citing Arthur Young & Co. v. Bremer, 197 Ill.App.3d 30, 143 Ill.Dec. 736, 741, 554 N.E.2d 671, 676 (1990)).
In a personal injury suit, to the contrary, the harm to the person is suffered in the locus of the injury at the time of the harm. This harm is not transient. Czarob-ski suffered her injury in California when the door crashed into her and caused her personal harm. The pain and suffering flowing from this injury does not constitute a continuous tortuous act on the part of defendants wherever Czarobski travels. Czarobski’s personal injury is not like her luggage, to be brought back from her vacation in California to Illinois and to accompany her wherever she goes. Her recuperation, recovery, and therapy occasioned in Illinois is not the commission of a tortious act in Illinois sufficient to properly acquire personal jurisdiction under Illinois’s long-arm statute.

CONCLUSION

For the reasons stated above, the motion to dismiss is granted.
IT IS SO ORDERED.

. Counsel treads a thin line between an argument for a "nonfrivolous ... extension ... of existing law” and an argument for an unsupported overexpansion of the law of personal jurisdiction in this case. See Fed.R.Civ.P. 11(b)(2). The court, however, has not been called upon to determine whether counsel crossed that line and will forego the opportunity to address Rule 11 sua sponte.