Heinrich K. AIGNER, Hans L. Schnabl, Johan Van Kleffans, Robert Deutsch, Christa Anderl, Individually and as Administratrix of the Estate of Irwin Anderl, Deceased, Werner Winkler, and Alois Melicharek, Plaintiffs,

v.

BELL HELICOPTERS, INC., Canadian Mountain Holidays, Ltd., a corporation, Okanagan Helicopters, Inc., a corporation, the Estate of Joseph Daniel Hayes and Gemini Travel-Ski Scape, Inc., a corporation, Defendants.

No. 79 C 3910.

United States District Court,
N. D. Illinois, E. D.

May 8, 1980.

John G. Phillips, Ltd., Chicago, Ill., for plaintiffs.

Thomas J. Strueber, Lord, Bissell & Brook, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

This cause comes before the court on the individual motions of defendants Canadian Mountain Holidays, Ltd. and Okanagan Helicopters, Inc. to have the present action dismissed for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., and the combined alternative motion of said defendants to have the matter dismissed for reasons of *forum non conveniens,* Rule 12(b), Fed.R. Civ.P.

The present action is one in tort, involving claims for personal injury and wrongful death. The plaintiffs, one of whom is an Illinois resident, and/or their decedents were injured in the crash of a helicopter owned and operated by defendant Okanagan helicopters [Okanagan], while they were on a heli-skiing tour managed by defendant Canadian Mountain Holidays [CMH]. As there is complete diversity of citizenship between all of the remaining parties, and the amount in controversy exceeds $10,000, exclusive of interest and costs, jurisdiction over the matter properly lies pursuant to 28 U.S.C. § 1332(a)(3).

### Defendant CMH's Motion to Dismiss

In contending that the present matter, to the extent that it relates to CMH, must be dismissed for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., defendant CMH states the following:

The accident from which this litigation evolved did not occur within the State of Illinois . . . Defendant CMH is incorporated in Canada and has its office and principal place of business in Banff, Alberta, Canada. CMH is not incorporated in Illinois, is not qualified, authorized, or otherwise chartered or licensed to do business in Illinois and has no agent for service of process [there]. It owns no real estate in Illinois. CMH does not sell products or services [to be rendered] in Illinois, does not maintain a place of business in [that] State and has no agents or representatives living, residing or stationed [there]. CMH maintains no bank accounts or telephone listings in Illinois and does not pay any Illinois taxes of any kind. CMH does not derive revenue from goods consumed or services performed in Illinois. CMH is not a manufacturer, seller or distributor of goods or products. Rather, it derives its income from the sale of services, primarily in the area of ski tours.

Memorandum Of Facts And Law In Support Of Motion To Quash Service And To Dismiss For Lack Of Personal Jurisdiction Or In The Alternative, To Dismiss On The

Basis Of Forum Non Conveniens, at 2–3. These facts, CMH charges, are in themselves adequate to show that, as regards the *Aigner* litigation, it [CMH] lacks the "minimum contacts" with Illinois necessary for personal jurisdiction to properly lie. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

With one minor exception,[1] these factual allegations of CMH are not disputed. The plaintiffs, however, point out—and the defendant does not deny—that CMH has done an appreciable amount of business in Illinois over the past few years.[2] This Illinois business, the plaintiffs contend, if evaluated qualitatively, is of sufficient magnitude to allow for the constitutional exercise of personal jurisdiction over CMH in the present matter. *See Gordon v. International Tele-phone and Telegraph Corp.*, 273 F.Supp. 164, 167–68 (N.D.Ill.1967).

■ As there does not appear to be any direct relationship between the Illinois business done by CMH and the injuries complained of by the plaintiffs,[3] jurisdiction over that defendant cannot, by virtue of its Illinois activities, be founded upon Chapter 110, § 17(1)(a) of the Illinois Revised Statutes—the "transaction of any business" provision of the Illinois long-arm statute. *Process Church of the Final Judgment v. Sanders*, 338 F.Supp. 1396, 1398 (N.D.Ill. 1972). The plaintiffs thus, apparently realizing this to be true, argue primarily that the defendant's aggregate contacts with Illinois over the past several years, although unrelated to the present causes of action, are sufficient under the circumstances to sustain the exercise of personal jurisdiction being sought. *See Braband v. Beech Air-*

1. The plaintiffs contend that the defendant, CMH, Ltd., through a mail order-type operation, has sold or attempted to sell ski equipment, paraphernalia and supplies to former CMH customers residing in Illinois. See page 536, *infra*.

2. In arguing in support of its motion to dismiss, defendant CMH, Ltd. notes for the first time in its Reply Memorandum that

> [t]he uncontroverted testimony of Hans Gmoser, President of Canadian Mountain Holidays, Ltd., is that the sole function of that corporation is to act as a holding company. Its sole purpose is to own shares in "Bugaboo Heli-Skiing, Ltd." (hereinafter "Bugaboo") which is solely responsible for the operational aspects of the ski vacation business. Canadian Mountain Holidays, Ltd. has no active input whatever to the operation. Bugaboo operates the ski vacation business under the trade name, "Canadian Mountain Holidays", which it is licensed to use. There are four other shareholders in Bugaboo, none of whom are Illinois residents.

The defendant then concludes

> [t]hus, the contacts made with the State of Illinois, such as they are, were not by defendant Canadian Mountain Holidays, Ltd., but by another company entirely, and thus cannot form the basis for the imposition of personal jurisdiction over [CMH, Ltd.].

Reply Brief of Okanagan Helicopters, Ltd. And Canadian Mountain Holidays, Ltd. In Support Of Their Motion To Dismiss, at 5–6 (Deposition citations omitted).

The court does not believe that, based upon these contentions of the defendant, dismissal of CMH, Ltd. can at this time be considered war-ranted. The defendant does not claim to have been in any way prejudiced by this alleged misjoinder, nor does it contend that any notice problems have resulted from same. CMH, Ltd., to the contrary, has waited nearly eleven months, its Reply Memorandum having been filed April 25, 1980, before even indicating that relevant distinctions may exist between it and Bugaboo Heli-Skiing, Ltd.

The overall record presented contains facts sufficient to, if proved, allow this court to, for purposes of liability, treat CMH, Ltd. and Bugaboo Heli-Skiing, Ltd. as one in the same entity. As that is so, the court also believes it proper under the circumstances to, when making its determinations as to the propriety of exercising personal jurisdiction over CMH, Ltd., look upon Bugaboo Heli-Skiing, Ltd's contacts with Illinois as those of CMH, Ltd. Accordingly, such has been done.

3. The plaintiffs do allege generally that travel and other arrangements for the CMH heli-skiing tour which gave rise to the injuries complained of were made for at least one of the claimants through an Illinois travel agency acting on behalf of the defendant. Plaintiffs' Complaint, ¶ 2 of Count II, at 6; see page 536, *infra*. In arguing against the motion under discussion, however, the plaintiffs do not in any way expand upon this point factually. That being so, the court views this allegation as being of only limited significance and, therefore, does not believe it sufficient to allow for a finding that personal jurisdiction over CMH lies pursuant to Chapter 110, § 17(1)(a) of the Illinois Revised Statutes.

*craft Corp.,* 72 Ill.2d 548, 557–60, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978).

■ In *International Shoe Co. v. Washington, supra,* 326 U.S. at 318–19, 66 S.Ct. at 159–160, the United States Supreme Court recognized that, under certain circumstances, a foreign corporation's contacts with the forum state can be of such a nature that to compel said corporation to defend itself in an action founded upon activities other than those engaged in by it in the forum would not offend due process. *See also Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 446–48, 72 S.Ct. 413, 418–420, 96 L.Ed. 485 (1952). That, in such situations, personal jurisdiction can properly be extended over foreign corporations under Illinois law also is clearly established. *Braband v. Beech Aircraft Corp., supra,* 72 Ill.2d at 556–60, 21 Ill.Dec. 888, 382 N.E.2d 252 (construing Ill.Rev.Stat. ch. 110, §§ 13.3 and 16); *see Gordon v. International Telephone and Telegraph Co., supra* at 168. Before the requisite circumstances will be found to lie, however, it ordinarily first must be shown that the defendant corporation's unrelated contacts with the forum were ongoing, continuous and of a substantial nature. *See generally Perkins v. Benguet Consolidated Mining Co., supra* 342 U.S. at 446–48, 72 S.Ct. at 418–420; *Gray v. American Radiator and Standard Sanitary Corp.,* 22 Ill.2d 432, 437–38, 176 N.E.2d 761 (1961).

4. In that the motions under discussion are being decided solely on the basis of written materials, the plaintiffs, to meet their burden of proof, need only make a prima facie showing that personal jurisdiction properly lies. *Neiman v. Rudolf Wolff & Co., Ltd.,* 619 F.2d 1189 at 1190 (7th Cir. 1980); *see Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285, 1285 nn. 1 & 2 (9th Cir. 1977); *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir. 1971). The plaintiffs are, in addition, for that reason entitled not only to the acceptance of all undenied factual assertions in their submissions, but also to the resolution in their favor of all disputes with regard to relevant facts. *Neiman v. Rudolf Wolff & Co., Ltd., supra* at 1190; *United States Railway Equipment Co. v. Port Huron & Detroit Railroad,* 495 F.2d 1127, 1128 (7th Cir.

■ In arguing that such a situation exists in the present case,[4] the plaintiffs point to the following business done by defendant CMH in Illinois:

Since 1977, compensated CMH representatives have made three promotional/solicitation trips to Illinois.

On at least three occasions in 1978 and 1979 CMH representatives, with the help of Illinois residents who were compensated for the assistance they rendered, rented facilities and equipment in Illinois for use when making group presentations promoting CMH heli-skiing tours. The purpose of such presentations was to solicit and encourage tour bookings.

CMH maintains regular mail contact with its 120 + former customers residing in Illinois, and provides said individuals with advance notice of its upcoming group presentations, etc.

The defendant has solicited Illinois travel agencies for the purposes of (1) arranging and booking CMH heli-skiing tours through them, and (2) allowing it [CMH] to be able to notify customers and potential customers that CMH heli-skiing tours could be arranged locally.

In the years 1977–1980, a number of CMH heli-skiing tours were booked through Illinois travel agencies, with the defendant paying commissions, in Illinois, to said agencies for the services they rendered.[5]

1974); *O'Hare International Bank v. Hampton, supra* at 1176.

5. Said information, having been provided only in CMH's Reply Memorandum, cannot properly be looked upon as evidence. The court nevertheless notes the defendant's statement that, while it [CMH] did do business with Illinois travel agencies during the years 1977–1980, such business was reasonably minor in amount, with commissions to the Illinois agencies totaling only $488 in 1977–78, $3089 in 1978–79 and $652 in 1979–80 (said commissions representing approximately 10% of the dollar volume of CMH heli-skiing tour business booked through the recipient agencies). Reply Brief Of Okanagan Helicopters, Ltd. And Canadian Mountain Holidays, Ltd. In Support Of Their Motion To Dismiss, at 7.

CMH has advertised and promoted its heli-skiing tours in national specialty publications with the apparent knowledge that said publications would be circulated in Illinois.

CMH has advertised and promoted its heli-skiing tours in "Skisport" magazine, a publication circulated in Illinois and published by an Illinois concern.

The defendant has solicited those 120 + Illinois residents on its [CMH's] Illinois customer mailing list to purchase, via mail order, various ski equipment and supplies. Plaintiffs' Response To Defendants' Motion To Dismiss For Lack Of Jurisdiction And For Forum Non Conveniens, at 2–7 (and Exhibit and Deposition references noted therein).

From the above, it is apparent that the Illinois activities engaged in by defendant CMH over the past several years have been continuous, systematic and ongoing, and that such activities constituted more than mere solicitation. It is equally clear that said defendant, in initiating and continuing to do business with travel agencies operating in the state, has actively invoked the benefits and protections of Illinois' laws. *Wisconsin Electrical Manufacturing Co., Inc. v. Pennant Products, Inc.*, 619 F.2d 676 at 677–678 (7th Cir. 1980); *see Hanson v. Denckla*, 357 U.S. 235, 252–54, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958); *see generally Lima v. Disney World, Inc.*, 47 Ill. App.3d 658, 7 Ill.Dec. 804, 365 N.E.2d 89, 91 (1977). Whether CMH's aforementioned activities in the forum were so substantial as to make the exercise of personal jurisdiction being sought fair and reasonable, however, is not so apparent.

In contending that such does not lie, CMH correctly notes that, as a rule, before personal jurisdiction can properly be exercised based upon a "doing business" rationale, the activities of the defendant in the forum must be shown to be substantial in nature. *See Perkins v. Benguet Consolidated Mining Co., supra* 342 U.S. at 447–48, 72 S.Ct. at 419–420; *Neiman v. Rudolf Wolff & Co., Ltd.* at 1192–1193 (7th Cir. April 23, 1980); *Charia v. Cigarette Racing Team,*

*Inc.*, 583 F.2d 184, 189 (5th Cir. 1978); *Gray v. American Radiator and Standard Sanitary Corp., supra*, 22 Ill.2d at 438, 176 N.E.2d 761. It [CMH] then argues that its activities in Illinois, because of their general nature and in that they were reasonably limited in quantity and dollar amount, *see* footnote 5, page 536, cannot realistically be considered substantial. *See Braasch v. Vail Associates, Inc.*, 370 F.Supp. 809, 813–14 (N.D.Ill.1973); *see generally Wiedemann v. Cunard Line, Ltd.*, 63 Ill.App.3d 1023, 20 Ill.Dec. 723, 380 N.E.2d 932 (1978).

The term substantial, however, when utilized in a jurisdictional context, is both a relative and objective one. Clearly, when the defendant at issue has done virtually no business in the forum, jurisdiction cannot ever be exercised over it under a "doing business" theory. *See International Shoe Co. v. Washington, supra*, 326 U.S. at 319, 66 S.Ct. at 159. As the determination of whether the business done in the forum was substantial relates primarily to the question of the fairness of requiring the defendant-actor to defend itself in that locale, though, something more than a quantitative evaluation of the defendant's activities generally is required. *Perkins v. Benguet Consolidated Mining Co., supra*, 342 U.S. at 447–48, 72 S.Ct. at 419–20.

After reviewing the defendant's contacts with Illinois from both a quantitative and qualitative perspective, the court notes first that it agrees, at least with respect to the dollar volume of heli-skiing tours booked through Illinois travel agencies, that the amount of business done by CMH in the forum was reasonably low. *See* footnote 5, page 536. As regards this point, however, it also must be noted that, while the dollar volume of this aspect of the defendant's business may not appear substantial, whether its [the defendant's] Illinois business represented a significant share of the total business done by CMH during 1977–80 —thereby making such business relatively substantial to the defendant—cannot readily be determined from the materials presented. In view of the fact that the recreational service offered by CMH, heli-

skiing, is directed to a relatively limited market,[6] though, it is not unreasonable to believe that the business done by CMH in Illinois, both directly as a product of its solicitations and through Illinois travel agencies, might well have constituted an appreciable or significant portion of its total business during those years. Support for such a conclusion can, to an extent, be found in CMH's rather extensive advertising and solicitation efforts in this forum.

The defendant not having dealt with this subject in its memoranda, however, the question of whether the business done by CMH in the forum was substantial in relative terms cannot be considered capable of clear resolution. The court, therefore, notes with respect to the overall substantiality of the defendant's activities in Illinois only that other courts, when confronted with distinguishable, yet analogous situations, have found contacts similar in nature and amount to those of CMH to be sufficiently substantial for jurisdictional purposes. See Gordon v. International Telephone and Telegraph Co., supra at 166–68; Del Sesto v. Trans World Airlines, Inc., 201 F.Supp. 879, 881–82 (D.R.I.1962).

■ The court also is aware, however, that in other instances defendants with contacts in the jurisdiction not unlike those of defendant CMH have been found not to be amenable to suit in the forum. See Braasch v. Vail Associates, Inc., supra at 813–14; Wiedemann v. Cunard Line, Ltd., supra, 63 Ill.App.3d at 1026–32, 20 Ill.Dec. 723, 380 N.E.2d 932. The jurisdictional question at bar admittedly is a close one. Several factors, nevertheless, lead this court to conclude that, despite the closeness of the question, jurisdiction should be extended over CMH in the present matter.

■ Central to any determination of the propriety of exercising personal jurisdiction over a nonresident defendant is an examination of the aspect of fairness. See Kulko v. California Superior Court, 436 U.S. 84,

91–101, 98 S.Ct. 1690, 1696–1702, 56 L.Ed.2d 132 (1978). In the present action, one of the plaintiffs, Robert Deutsch, is an Illinois resident. That being so, Illinois has a recognizable interest in the litigation, and in having it heard in this forum. Neiman v. Rudolf Wolff & Co., Ltd., supra at 1195 n.8. The United States of America, because Mr. Deutsch is an Illinois resident and the defendant an alien corporation, also has a noteworthy interest in having the matter heard in this locale. Cryomedics, Inc. v. Spembly, Ltd., 397 F.Supp. 287, 290–92 (D.Conn.1975). This is so because, from the record presented, it appears that the business done by defendant CMH in Illinois is equal to or greater than that done by the defendant in any other United States forum. Consequently, if jurisdiction is found not to lie in this court, it is unlikely that plaintiff Deutsch will be able to bring his action anywhere in the United States.

To deprive Mr. Deutsch, a United States resident, of the ability to seek relief in the United States from a corporation doing more than occasional business in this country appears to this court to be markedly unfair. Such a result also would operate to disserve the recognized interests of Illinois and the United States in the present matter.

That such is true, though, is of only limited significance. The term fairness, when used in a jurisdictional context, relates primarily to the question of the fairness of requiring the defendant to defend itself in the forum. It is the degree of potential unfairness to the defendant in this regard which constitutes the basis of the initial inquiry. See Kulko v. California Superior Court, supra, 436 U.S. at 100–01, 98 S.Ct. at 1701–02. The interests of the plaintiff (and other interested entities) are, at least at the outset, of only limited concern. See Neiman v. Rudolf Wolff & Co., Ltd., supra at 1195 n.8. Even when predominant consideration is given to the interests of defend-

---

**6.** Heli-skiing, as promoted by defendant CMH, in addition to being a rather expensive recreational activity, can only be practiced by individuals who are accomplished skiers, in very good physical condition and somewhat adventurous. See Exhibits 2b and 15, Plaintiffs' Exhibits To Answer To Motion To Dismiss.

ant CMH, however, the court believes that jurisdiction can properly be extended over it in the present matter.

The defendant under discussion in the present matter, CMH, is an alien corporation that provides recreational services to customers at its facilities in Canada. A large number of those who avail themselves of the defendant's services, however, are United States residents (120 + from Illinois alone), and it is clear that the defendant's relationships with its United States customers have developed out of CMH's activities in this country. CMH thus, although an alien corporation, also is an entity that has voluntarily, intentionally and successfully come into the United States to do business with this country's residents.[7]

Taking that fact into account, it appears reasonable to conclude that CMH has at least contemplated, if not actually anticipated, that suit would someday be brought against it in the United States. As that is true, this court does not, in view of the other circumstances presented, believe that to require CMH to defend the present matter in a United States forum would be so unfair as to constitute a denial of due process.

In view of CMH's contacts with Illinois, the court also does not believe that requiring the defendant to present its defense in this forum would be unreasonable. In this respect, the court notes with approval the reasoning set forth in *Cryomedics, Inc. v. Spembly, Ltd., supra* at 292, wherein it was stated:

. . . When a defendant is a citizen of the United States, there are very real differences in convenience between litigating in a state where it does business or resides, and in one where it has only insignificant contacts; this concern is an important consideration underlying the Fourteenth Amendment's restrictions on the reach of state court jurisdiction. The considerations are entirely different, however, when an alien is involved, espe-

cially one . . . which maintains a place of business only in the country of its incorporation. [Such a defendant] has no reason based on fairness to prefer any one particular district to another . .

*See also Neiman v. Rudolf Wolff & Co., supra* at 1195 n.8.

In conclusion, the court finds with respect to CMH's motion to dismiss that the plaintiffs have met their burden of establishing that the defendant's aggregate contacts with Illinois were sufficient to allow for the constitutional exercise of personal jurisdiction over it in the present matter. In so finding, however, the court notes again that the jurisdictional question presented, involving as it does a rather unique factual situation, is not one capable of ready or certain resolution. As that is so, though, the Seventh Circuit's recent reflections on the subject of nonresident jurisdiction are especially appropriate, and bear repeating here:

. . . So long as long-arm jurisdiction reaches the outermost limits due process will permit and so long as due process standards continue to be susceptible only of a case-by-case application, reasonable minds will differ in particular cases and the 'degree of predictability to the legal system' desired by the [United States] Supreme Court, *World-Wide Volkswagen Corp. v. Woodson,* [444 U.S. 286] 100 S.Ct. [559], 567, [62 L.Ed.2d 490] (1980), will prove elusive. A strong case could be made for a set of concrete, objective standards, at least as a statutory matter, however arbitrary they might seem in individual cases, that would enable litigants to determine whether jurisdiction was present without taking the question to a reviewing court. However, applying the present standards as best we can, we think jurisdiction exists here.

*Wisconsin Electrical Manufacturing Co., Inc. v. Pennant Products, Inc., supra* at 679.

---

7. That the business CMH does in the United States may appear somewhat minor in volume is attributable in large part to the relatively limited market the defendant serves. *See* footnote 6, page 538.

For the reasons stated above, the motion of defendant CMH to have the present action dismissed for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., is denied.

### Defendant Okanagan's Motion to Dismiss

[7] In arguing that personal jurisdiction does not lie with respect to it, defendant Okanagan states the following:

. . . defendant Okanagan is . . a Canadian corporation and has its office and principal place of business in Richmond, British Columbia, Canada. Okanagan is not incorporated in Illinois, is not qualified, authorized, or otherwise chartered or licensed to do business in Illinois and owns no real estate in Illinois. It has no agent for service of process in [that] state. Okanagan does not sell products or services in Illinois, does not maintain a place of business in [that] State and has no agents or representatives stationed, living, or residing [there]. Okanagan . . . maintains no bank accounts or telephone listings [there] and does not pay any Illinois taxes of any kind. Okanagan does not derive any revenue from goods consumed or services performed in the State of Illinois. . . . Okanagan does not manufacture, distribute or sell goods or products in the ordinary course of its business. Rather, its sole business is the provision of helicopter flight services in various parts of Canada. Finally, Okanagan had no business relationship with any of the plaintiffs herein.

Memorandum of Facts And Law In Support Of Motion To Quash Service And To Dismiss For Lack Of Personal Jurisdiction Or In The Alternative, To Dismiss On The Basis Of Forum Non Conveniens, at 3. The defendant then contends that such facts are adequate in themselves to show that, as regards the *Aigner* litigation, its [Okanagan's] contacts with Illinois were not as a matter of law sufficient to allow for the exercise of personal jurisdiction being sought. *International Shoe Co. v. Washington, supra*, 326 U.S. at 316, 66 S.Ct. at 158.

Although the plaintiffs, in response, argue that Okanagan has had some independent contacts with Illinois, the court agrees with the defendant that, before personal jurisdiction could properly be extended over it in its capacity as an individual entity, Okanagan's activities in the forum would have to be considerably more significant than those now alleged. Accordingly, as that is so, the defendant's motion to dismiss for lack of personal jurisdiction, to the extent that said motion pertains to Okanagan in its capacity as an individual corporate entity, is ordered granted. Rule 12(b)(2), Fed.R.Civ.P.

The plaintiffs, however, also contend that, as regards the heli-skiing operation at issue, defendants CMH and Okanagan were, at the time of the occurrence complained of, engaged in a joint venture. That being so, they then argue, based upon the facts already presented, personal jurisdiction can properly be exercised over Okanagan in its capacity as a joint venturer with CMH. *See First National Bank of Minneapolis v. White*, 420 F.Supp. 1331, 1335 (D.Minn. 1976).

Joint ventures, like partnerships, are jural entities, and are treated as such for jurisdictional purposes. *First National Bank of Minneapolis v. White, supra* at 1335; *see Goldberg v. Wharf Constructers*, 209 F.Supp. 499, 505 (N.D.Ala.1962). As that is so, whenever one co-venturer acts in the forum to further the interests of the venture, his contacts with the same will, for purposes of personal jurisdiction, also be attributed to his co-venturers. *See First National Bank of Minneapolis v. White, supra* at 1335. Consequently, when the related activities of one co-venturer in the forum are sufficient to sustain the exercise of jurisdiction, personal jurisdiction ordinarily will lie as to all of the co-participants in the venture.

In the present matter, jurisdiction has already been found to lie over CMH, based upon said defendant's related contacts with the forum.[8] That being so, if the plaintiffs

---

8. Virtually all of CMH's activities in Illinois were conducted in furtherance of the heli-skiing operation purported to be the subject of the alleged CMH-Okanagan joint venture.

are successful in establishing the existence of the alleged CMH-Okanagan joint venture relationship, jurisdiction over Okanagan in its capacity as CMH's co-venturer will, for that reason, also be found to lie.

The question of whether personal jurisdiction can properly be exercised over defendant Okanagan thus hinges upon whether the plaintiffs can show with the requisite particularity that, at the time of the occurrence complained of, defendants CMH and Okanagan were acting as joint venturers in the heli-skiing operation at issue.[9] Okanagan, in contending that such was not so, argues primarily that the plaintiffs' factual contentions in this respect, even if viewed most favorably to them [the plaintiffs], are not sufficient under Illinois law to establish the existence of the joint venture being alleged.[10] The court, however, after reviewing the memorandum and exhibits submitted by the plaintiffs, cannot agree with this argument of the defendant.

■ To establish the existence of a joint [ad]venture under Illinois law, the following must be shown:

The joint adventure relationship [must be] based on a contract [express or implied]. There must be a community of interest in the purpose of the joint adventure, and the parties must have some right to direct and govern the conduct of each other in connection therewith, and the parties must have a propriety interest in the subject matter.

The expectation of profits and the sharing thereof, as well as the sharing of losses, are also necessary elements of a joint adventure. In absence of any express agreement as to the sharing of profits, an agreement for the equal sharing thereof may be implied. The duty to share profits or losses may be altered by agreement.

23 Illinois Law and Practice, Joint Adventures § 12, at 89–91; see Russell v. Klein, 33 Ill.App.3d 1005, 339 N.E.2d 510, 512 (1975). The factual contentions set forth by the plaintiffs on pages 7–10 of their Response To Defendants' Motion To Dismiss For Lack Of Jurisdiction And For Forum Non Conveniens (as supported by the evidentiary materials referred to therein) are, in the court's opinion, sufficient to constitute at least a prima facie showing that each of the requisite joint venture elements was present in the CMH-Okanagan business relationship in question. As regards defendant Okanagan's present motion, the plaintiffs, to meet their burden, need do no more. See footnote 9, page 541. Accordingly, as such as been found to be so, defendant Okanagan's motion to dismiss for lack of personal jurisdiction, to the extent that it relates to the defendant in its [Okanagan's] capacity as a joint venturer with defendant CMH, is denied.

■ The plaintiffs raise a number of points in support of their position on the joint venture question. Central to the court's determination that the existence of a joint venture relationship had been adequately established, however, were the revelations that defendants CMH and Okanagan co-insure each other with respect to the heli-skiing operation at issue, and that a limited profit sharing arrangement was in effect between said entities during the time period relevant to the present action. These facts, the court believes, give credence to the plaintiffs' otherwise broad—although supported—contention that the business relationship between defendants CMH and Okanagan, while appearing possibly to be one of master-independent contractor, was in fact a joint venture.

The facts presented by the plaintiffs in this regard, however, while sufficient to

---

9. The plaintiffs, to meet their burden of proof with respect to the motion under discussion, need only make a prima facie showing that such was true. See footnote 4, supra.

10. Okanagan also states in its Reply Memorandum that its relationship with defendant CMH

was at all times one of Master [CMH]—Independent Contractor [Okanagan]. Reply Brief of Okanagan Helicopters, Ltd. And Canadian Mountain Holidays, Ltd. In Support Of Their Motion To Dismiss, at 3.

constitute a prima facie showing that a joint venture existed, do not establish conclusively that the defendants were acting as joint venturers at the time said plaintiffs were injured. Whether defendants CMH and Okanagan were, at that time, in actuality acting as joint venturers remains, to the contrary, a decidedly open question. The court, moreover, realizing that the business relationship of the defendants relates in part to the merits of the present action,[11] does not believe that this question can reasonably be resolved until all of the evidence relevant to it has been presented at trial. Accordingly, because that is so, the court, pursuant to Rule 12(d), Fed.R.Civ.P., will defer its final ruling on the joint venture issue until at least the close of the evidence.[12] *Schramm v. Oakes,* 352 F.2d 143, 149–50 (10th Cir. 1965); *Powell v. Knight,* 74 F.Supp. 191, 197–98 (E.D.Va.1947); 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1373, at 708–12. Also, in accordance with this action of the court, the denial of defendant Okanagan's motion to dismiss for lack of personal jurisdiction will be without prejudice to said defendant's ability to raise its jurisdictional objections again after the evidence has been presented. *See Schramm v. Oakes, supra* at 150.

### Motion to Dismiss for Reasons of Forum Non Conveniens

Defendants CMH and Okanagan also argue, in what essentially is a joint motion, that the present matter, if not dismissed as to them for lack of personal jurisdiction, should be dismissed for reasons of *forum non conveniens.* Rule 12(b), Fed.R.Civ.P. In support of this contention, the defendants first note that an action virtually identical to the present matter currently is pending in the courts of British Columbia, Canada. They then argue that the Canadian forum is the better one for this litigation to be heard because:

11. Whether defendants CMH and Okanagan were acting as joint venturers at the time of the occurrence, for example, might well be dispositive with respect to the liability of CMH.

12. Rule 12(d), Fed.R.Civ.P., provides:
 (d) Preliminary Hearings. The defenses specifically enumerated (1)–(7) in subdivision (b)

CMH and Okanagan both are Canadian corporations.

Canadian law likely will be applied with respect to the damages issues presented.

The occurrence that gave rise to the injuries complained of took place in Canada.

Many of the occurrences, and certain medical and investigatory witnesses are residents of Canada.

The plaintiffs, in response, note initially that, because plaintiff Robert Deutsch is an Illinois resident, and has received much of the medical treatment for his injuries in Chicago, Illinois, there is a significant relationship between the current forum and the litigation. They next point out that the present forum is by far the more convenient one for those medical witnesses known to be coming in from West Germany, then conclude by arguing that, because of the nature of the accident at issue, a helicopter crash, the testimony of the occurrence witnesses and initial investigatory personnel located in Canada will be of far less importance in the present matter than would ordinarily be true in a personal injury/wrongful death action.

Before proceeding with a review of the merits of this motion of the defendants, the court believes it relevant to note that, from certain materials contained in the record, it appears that CMH and Okanagan also have challenged—on jurisdictional grounds—the ability of the British Columbia courts to hear the action currently pending in that forum. Letter from John G. Phillips, at 2–3 (Docketed April 2, 1980). This fact is of considerable significance with respect to the defendants' present motion, for it is well settled that, before dismissal for reasons of *forum non conveniens* can be considered warranted, there must "be in fact an alter-

of [Rule 12], whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of [Rule 12] shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until trial.

native forum in which the suit can be maintained. It must appear to a certainty that jurisdiction of all parties can be had and that complete relief can be obtained in the supposedly more convenient court." 15 C. Wright & A. Miller, Federal Practice and Procedure, § 3828, at 179; see North Branch Products, Inc. v. Fisher, 284 F.2d 611, 613–14 (D.C.Cir.1960), cert. denied, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).

There being some doubt as to the current status of the defendants' Canadian jurisdictional challenges, the court will not rest its determination of the motion under discussion on that factor. That such a question exists, however, serves only to weaken the defendants' other contentions regarding the propriety of the dismissal being sought.

 As regards the merits of the CMH-Okanagan motion, the court notes initially that the burden imposed upon the defendants to obtain the relief they presently seek is a decidedly heavy one. See 15 C. Wright & A. Miller, Federal Practice and Procedure, § 3828, at 180. When, as has been done in the present matter, it is shown that there exists a significant relationship between the forum at issue and the litigation, the plaintiff's choice of forum must be accorded great weight and, for that reason, "should rarely be disturbed." Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). This, moreover, is especially true in situations where, as is also the case here, the plaintiff is a United States resident and the only alternative forum available is a foreign jurisdiction. See Wahl v. Pan American World Airways, Inc., 227 F.Supp. 839, 841 (S.D.N.Y.1964); Shulman v. Compagnie Generale Transatlantique, 152 F.Supp. 833, 836 (S.D.N.Y.1957). When such circumstances are present, the movant's burden becomes considerable. To establish that the relief being sought—dismissal—is warranted, the defendant in essence must show not only that the proposed forum would be a significantly more convenient one, but also that to subject it [the defendant] to trial in the forum at issue would be manifestly unjust, vexatious and/or oppressive. Ionescu v. E. F. Hutton & Co. (France) S.A., 465 F.Supp. 139, 145 (S.D.N.Y.1979); see Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A. (Cruzeiro), 232 F.Supp. 433, 442–44 (S.D.N.Y.1964).

The court, after reviewing the materials submitted by the parties, does not believe that defendants CMH and Okanagan can reasonably be said to have sustained this burden in relation to the motion under discussion. From their contentions, it does not appear that the defendants will suffer any injustice if the present matter remains in this court, nor does it appear that such will prove to be oppressive to them. Indeed, from the materials they present, it cannot even be said that the proposed forum will prove to be a more convenient one for this litigation to be heard.

 Dismissal for reasons of forum non conveniens is an extraordinary and limited remedy, to be utilized only in exceptional situations. Hoffman v. Goberman, 420 F.2d 423, 426 (3d Cir. 1970). Based upon the contentions of the defendants, it cannot reasonably be concluded that the matter at bar presents such an exceptional case. That being so, the motion of defendants CMH and Okanagan to have the present action dismissed for reasons of forum non conveniens is denied.

## CONCLUSION

In summary, the following is ordered:

Defendant CMH's motion to dismiss for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., is denied.

Defendant Okanagan's motion to dismiss for lack of personal jurisdiction is granted in part and denied in part. To the extent that the present action applies to defendant Okanagan in its capacity as a separate and independent corporation, the defendant's motion to dismiss is granted. To the extent that the matter relates to Okanagan in its capacity as a joint venturer with CMH, however, the defendant's motion to dismiss is denied. This denial, though, is without prejudice to defendant Okanagan's ability to raise its jurisdictional objections again after all evidence relevant to the alleged

CMH-Okanagan joint venture relationship has been presented. Rule 12(d), Fed.R. Civ.P.

The defendants' combined alternative motion for dismissal of the present action on the basis of *forum non conveniens*, Rule 12(b), Fed.R.Civ.P., is denied.

IT IS SO ORDERED.*

---

* Shortly after the Order resolving the personal jurisdiction and *forum non conveniens* issues was entered on May 8, 1980, the *Aigner* matter went to trial. While on trial, the suit was settled for approximately $1,500,000.