**John NEMINSKI, Plaintiff,**

v.

**TRUCKSTOPS CORPORATION OF AMERICA, Defendant.**

**No. 82 C 5139.**

United States District Court,
N.D. Illinois, E.D.

March 4, 1983.

Joseph R. Marconi, Marconi & Morrison, Douglas K. Morrison, Chicago, Ill., for plaintiff.

James D. Montgomery, Brenda Minor, James D. Montgomery & Associates, Ltd., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Neminski ("Neminski") sues Delaware corporation Truckstops Corporation of America ("Truckstops") for injuries sustained after Neminski allegedly drank coffee containing ammonia at Truckstops' restaurant in Gary, Indiana. Truckstops has now moved under 28 U.S.C. § 1404(a) ("Section 1404(a)") for transfer to the United States District Court for the Northern District of Indiana. For the reasons stated in this memorandum opinion and order, Truckstops' motion is granted.

Section 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This action concededly "might have been brought" in the Indiana District Court. Truckstops is licensed to do business in Indiana and carries on business in the proposed transferee district. Furthermore, the event giving rise to this suit occurred at Truckstops' restaurant in Gary, Indiana. In light of those Indiana contacts, the venue provisions of 28 U.S.C. §§ 1391(a) and (c) would have permitted filing in the proposed transferee district.

Accordingly the substantive criteria of Section 1404(a) come into play: convenience of the parties and witnesses and the interest of justice. Although the Section 1404(a) standards are not precisely the same as under the forum non conveniens doctrine as

spelled out in *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947),[1] this opinion will look at both sets of principles.

First, the "convenience of witnesses" weighs heavily both in Section 1404(a)'s literal terms and in the *Gulf Oil* formulation, and it plainly supports transfer to Indiana. Of the important witnesses identified by the parties as likely to testify at trial, at least seven of them reside in Indiana: (1) the waitress who served Neminski the allegedly poisoned coffee; (2) the shift manager at the restaurant when the incident occurred; (3) the general manager, who is most familiar with the relevant policies and procedures of the restaurant; (4), (5) and (6) the three paramedics who took Neminski to the hospital emergency room; (7) (or more) the emergency room nurse and other emergency room personnel who treated Neminski immediately after the accident. Three identified witnesses live in Illinois: the two men who accompanied Neminski to the restaurant and one of the physicians who treated him. Neminski's two other treating physicians are from Wisconsin and may best be viewed as neutral in terms of convenience.[2] Qualitative rather than quantitative comparison of the witnesses in terms of the significance of their testimony is really impossible, for it would require accepting one side's position on the merits rather than the other's.[3]

"Convenience of parties" also points in the same direction. In this Illinois forum both parties suffer inconvenience—Neminski from his Wisconsin home base, Truckstops from its relevant Indiana business operation. In the Indiana court Neminski's inconvenience would be marginally in-

creased, an effect greatly overshadowed by the substantially increased convenience to Truckstops. And a simple recitation of the *Gulf Oil* counterpart considerations ("private interest of the litigant," 330 U.S. at 508, 67 S.Ct. at 843) shows they produce the same result:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Only Neminski's lawyer, who practices in Chicago, would be materially inconvenienced by the proposed transfer. But "convenience of counsel" is not part of the Section 1404(a) locution. *See Moskowitz v. Hen House Interstate, Inc.,* No. 82 C 4763, slip op. at 3 (N.D.Ill. Dec. 20, 1982).

"Interest of justice" as a standard is more than a device for reaching a predetermined conclusion: It too has substantive content, as exemplified by some of the *Gulf Oil* discussion. And like the other two Section 1404(a) roads, it too leads to Indiana. Indiana is a much more interested forum state than Illinois, for the events at issue occurred entirely in one of its cities. In addition, because Indiana law will provide the substantive rules of decision here, the proposed transferee court is likely to be more familiar with the relevant state law than this Court is. Again *Gulf Oil* would reach the same conclusion, for its "factors of public interest" clearly point to Indiana for trial (330 U.S. 508–09, 67 S.Ct. at 843):

---

1. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253–54, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981).

2. Their required travel to Gary or Hammond rather than Chicago is of no worse than marginally greater inconvenience.

3. For example Neminski argues, and Truckstops just as sharply denies, that liability is not in issue. On the contested issue of causation, testimony of the Indiana paramedics and hospital personnel is likely to be critical. Similarly, because he contends Truckstops cannot dispute

liability in good faith, Neminski seeks to discount the significance of the three restaurant employees. Two answers are appropriate:

    1. Truckstops contests his assertion as to liability, and a Section 1404(a) motion is not the occasion to pretry the merits.

    2. Even if Neminski were right, the same argument could exclude two of the three Illinois witnesses from consideration, actually *increasing* the ratio of Indiana to Illinois witnesses.

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.... There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Neminski claims the interest of justice mandates retention on two grounds:

　　1. Plaintiff's choice of forum is entitled to paramount consideration.

　　2. Because Neminski's Wisconsin witnesses live more than 100 miles from Gary or Hammond, compulsory process would not be available to secure their attendance if the action is transferred.

These factors carry little (if any) weight. For more than a quarter century it has been the law of this Circuit that plaintiff's preference for an Illinois court "has minimal value where [as here] none of the conduct complained of occurred in the forum selected by the plaintiff...." *Chicago Rock Island and Pacific R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.1955).[4] As for claimed unavailability of compulsory process for Neminski's two Wisconsin witnesses, that is entirely speculative. Neminski has advanced no basis for suspecting that those witnesses—his two treating physicians who have cooperated with him thus far—will prove recalcitrant in the future.

---

4. There is the added factor that Illinois is not Neminski's home state either. *Clopay Corp. v. Newell Cos.,* 527 F.Supp. 733, 736 (D.Del.1981).

5. This opinion was prepared before this Court received Neminski's notice of the proposed addition of another plaintiff (an Illinois resident already considered in this opinion as one of the witnesses). That possibility does not alter the result:

　　1. Additional theories of liability are added by the proposed amended complaint—all

*Conclusion*

Transfer of this case to the United States District Court for the Northern District of Indiana will serve the "convenience of parties and witnesses" and the "interest of justice." Truckstops' Section 1404(a) motion is therefore granted, and this action is so transferred.[5]

calling for application of Indiana law and making familiarity with that law even more useful.

　　2. As this opinion reflects, no great weight was given Neminski's lack of Illinois residence in any case.

　　3. It is not clear at this threshold stage whether such joinder is appropriate anyway. Accordingly this action will be transferred with the motion pending, so it may be decided by the judge who will try the case.