COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

FIRST NATIONAL MONETARY CORPORATION, Defendant.

No. 82 C 7707.

United States District Court, N.D. Illinois, E.D.

May 26, 1983.

James A. McGurk, Div. of Enforcement, Commodity Futures Trading Com'n, Chicago, Ill., for plaintiff.

Donald F. Tucker, Simon, Deitch, Siefman, Tucker & Friedman, Stephen P. Ormond, Peter B. Kupelian, Paul S. Magy, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Commodity Futures Trading Commission ("CFTC") sues First National Monetary Corporation ("FNMC"), challenging FNMC's marketing practices under the antifraud provisions of the Commodity Exchange Act, 7 U.S.C. § 6o(1). FNMC has filed a number of motions, only one of which will be addressed in this opinion: its 28 U.S.C. § 1404(a) ("Section 1404(a)") motion to transfer this action to the United States District Court for the Eastern District of Michigan. For the reasons stated in this memorandum opinion and order, that motion is granted.

Section 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This action concededly "might have been brought" in the Eastern District of Michigan. Headquartered at Southfield in that district, FNMC plainly transacts business there.[1] Moreover its challenged business practices largely occurred within that district. In light of those Michigan contacts, the venue provisions of 7 U.S.C. § 13a–1 would of course have permitted the filing of this suit in the proposed transferee forum.

Inquiry turns then to the substantive criteria of Section 1404(a): convenience of the parties and witnesses and the interest of justice. Those standards evolved from, but are not precisely coextensive with, the forum non conveniens considerations identified in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Though Section 1404(a) requires a "lesser showing of inconvenience" (*Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955)) than its common law antecedent, this opinion will look at both sets of principles.

"Convenience of witnesses"—a significant consideration under both Section 1404(a) and *Gulf Oil*'s forum non conveniens formulation—weighs heavily in favor of transfer. Most of the important witnesses FNMC expects to call work at or near its Southfield headquarters and live in the transferee district:

1. FNMC's principal officers, whose testimony would be especially probative as to FNMC's marketing policies and its underlying intent;

2. employees of FNMC and of its Southfield advertising agency, who together developed the advertising campaign attacked by CFTC; and

3. most of FNMC's account executives, whose solicitation techniques are also a major focus of CFTC's Complaint.

FNMC's remaining potential witnesses are employees from branch offices in California, Florida, New York and Texas and are therefore neutral (as between the two districts) in terms of convenience.

CFTC's anticipated witnesses essentially comprise former FNMC customers (dispersed from coast to coast) who have filed complaints with CFTC. It chose a sampling of those complaints to make up an Appendix to its responsive memorandum. Of the 119 complaints listed, only *4* involved Illinois investors (and at least one of those is not in this district!), while *13* were sited in Michigan. All the other scattered complainants provide no basis to prefer either forum. Because both districts encompass major metropolitan areas, they are equally accessible to most witnesses. *United States v. Bein,* 539 F.Supp. 72, 75 (N.D.Ill.1982) (in which this Court applied the like standards of Fed.R.Crim.P. 21(b) to a similar commodities fraud criminal case).

So much then for "convenience of witnesses." As for Section 1404(a)'s "convenience of parties" criterion, it embraces

---

1. Ironically enough (given the present motion), CFTC's Complaint originally identified FNMC this way in its caption:

FIRST NATIONAL MONETARY CORPORATION
4000 Town Center
Southfield, Michigan 48075

many of the "private interest" factors enumerated in *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Those considerations too would be far better served by transfer than by retention in this Illinois forum. FNMC would be greatly inconvenienced here:

1. Requiring FNMC's principal officers and account executives to travel 250 miles to Chicago for days or perhaps weeks during the trial would at a minimum be enormously inconvenient. Indeed it would pose the potential of a severe disruption of FNMC's entire business operations.

2. All FNMC records relating to customers who have filed reparations cases with CFTC are located in Southfield and would have to be transported to Chicago at considerable expense.

3. Because FNMC's Michigan witnesses live more than 100 miles from Chicago, compulsory process would not be available to secure their attendance at trial.[2]

Without question transfer would obviate those practical difficulties, for FNMC's Southfield office is a short distance from the transferee court.

By contrast an Illinois forum would at most afford marginal convenience to CFTC:

2. Because FNMC has advanced no reason for expecting recalcitrance on the part of its witnesses, this factor is not that important. *See Neminski v. Truckstops Corp. of America,* 560 F.Supp. 282 at 284 (N.D.Ill.1983).

3. If CFTC is regarded as acting for the complaining FNMC customers—the actual parties aggrieved by FNMC's practices—the balance tips even more heavily toward transfer. If anything, the location of those complainants would favor a Michigan forum. Moreover the convenience to CFTC would simply drop out of consideration, for " 'convenience of counsel' is not

1. With only one exception, every reported previous CFTC enforcement action has been brought in a district in which the defendant was incorporated or had an office. That almost exclusive practice at least hints CFTC derives little added convenience from trying a case in a district (such as this one) in which *it* has an office but the defendant does not.

2. Only a minute portion of the documents CFTC intends to use are located in Illinois: documents currently in the hands of the few Illinois residents among the complaining FNMC customers. And surely the choice of forum will not significantly affect the cost of transporting records held by the widely-scattered mass of dissatisfied FNMC customers.

3. CFTC's subpoena power in each forum extends to approximately the same number of potential CFTC witnesses.

On balance, the minimal inconvenience CFTC would experience via transfer is far eclipsed by the substantially increased convenience to FNMC.[3]

Finally, Section 1404(a)'s "interest of justice" standard and the *Gulf Oil* counterpart considerations also point to Michigan. Michigan is a much more interested forum state than Illinois for three reasons:

1. FNMC is a Michigan enterprise with minimal contacts in Illinois.

2. FNMC's challenged activities apparently affected more Michigan than Illinois residents.

3. Most of those activities took place in Michigan, while the remaining conduct occurred at FNMC's branch offices, all located in states other than Illinois.[4] *See Neminski,* at 283.

part of the Section 1404(a) locution." *Neminski,* at 283. *Accord, Moskowitz v. Hen House Interstate,* No. 82 C 4763, slip op. at 3 (N.D.Ill. Dec. 20, 1982).

4. Examination of the Complaint readily confirms this conclusion:

1. Complaint ¶ 13 alleges misleading advertising. FNMC's Southfield office makes all advertising content decisions, and its advertising agency is in Southfield.

2. Complaint ¶ 14 asserts FNMC solicits customers by using "lead cards" prepared

CFTC claims retention would further the interest of justice because plaintiff's choice of forum is entitled to overriding consideration. That is simply not the law in this circuit. Plaintiff's preference for an Illinois court has long been accorded "minimal value where [as here] none of the conduct complained of occurred in the forum selected by plaintiff...." *Chicago Rock Island & Pacific R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.1955). And even if the alleged misrepresentations made to the Illinois FNMC customers were deemed to have taken place in Illinois (at best a questionable proposition), CFTC's choice of forum should still be heavily discounted. As already indicated, this lawsuit resembles a class action, with the complaining FNMC customers readily viewed as the real parties in interest. In those analogous circumstances courts have uniformly depreciated an individual plaintiff's selection of his home forum. In affirming a forum non conveniens dismissal, *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947) declared (emphasis added, footnote omitted):

> In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown. *But where there are hundreds of potential plaintiffs,* all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, *the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.*

That pronouncement applies a fortiori to the balancing calculus of Section 1404(a), which displays less solicitude for plaintiff's choice of forum than its common law precursor.

If a private litigant were to bring an action in a blatantly inappropriate district, with the only apparent reason being that his, her or its lawyer were officed there, all of us would be critical of that choice as impermissible forum-shopping. Indeed this Court has had occasion to voice such criticisms in the past.[5] Yet that looks to be the only predicate for institution of this suit in this district, having as it does the most attenuated linkage to the asserted claims. Government should be held to at least the same standards as private litigants, and CFTC has not approached meeting them here.

*Conclusion*

Transfer of this case to the United States District Court for the Eastern District of

from mail-in coupons found in FNMC advertisements. Interested persons mail those coupons to the Southfield office, which then prepares the lead cards.

3. Complaint ¶ 15 challenges the "high pressure sales techniques" of FNMC employees. That solicitation emanates from the states in which FNMC has an office—not Illinois.

4. Complaint ¶ 16 alleges a "deceptive and misleading sales campaign" and "unauthorized transactions." Again the "sales campaign" is conducted from each of FNMC's offices. And all trading transactions are effected through the Southfield office.

5. Complaint ¶ 17 assails various FNMC representations and trading activities as "false, misleading and deceptive." Those representations are conceived (as a policy matter) in the Southfield office and conveyed to customers by account executives in the various offices. As already pointed out, trading is accomplished in Southfield.

6. Complaint ¶ 21 alleges FNMC's use of "boiler rooms." Because FNMC maintains no presence in Illinois, it could not possibly have any "boiler room" operations here.

CFTC argues the misrepresentations made to Illinois FNMC customers have an Illinois situs because most of the communications between FNMC and its customers occurred over the telephone. CFTC's own authority rejects that analysis. *See Leech v. First Commodity Corp. of Boston,* 1982 Comm.Fut.L.Rep. (CCH) ¶ 21,-639, at 26,428 (W.D.Pa.1982). In any event, Illinois' connection to such solicitation is simply de minimis.

5. This Court does not generally publish its Section 1404(a) opinions, for the applicable considerations are well-known and their specific application seldom adds much to the corpus juris. Two of the opinions making the point referred to in the text are cited at nn. 2 and 3.

Michigan will serve the "convenience of parties and witnesses" and the "interest of justice." FNMC's Section 1404(a) motion is therefore granted, and this action is so transferred.