Roberta **BERKS**, etc., et al., Plaintiffs,

v.

**RIB MOUNTAIN SKI CORPORATION,**
**Defendant.**

**No. 83 C 3962.**

United States District Court,
N.D. Illinois, E.D.

Sept. 28, 1983.

Stuart Berks, Berks, Berks & Marcus, Ltd., Des Plaines, Ill., for plaintiffs.

Edward H. Nielson, Pretzel & Stouffer, Chartered, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Roberta Berks ("Berks") has filed this diversity action on behalf of her minor daughter Sheryl ("Sheryl") against Wisconsin-incorporated Rib Mountain Ski Corporation [1] ("Rib Mountain"), charging Rib Mountain's negligence caused Sheryl to be injured while skiing. Rib Mountain has moved alternatively for (1) dismissal under Fed.R.Civ.P. ("Rule") 12(b)(2) for lack of jurisdiction over its person or (2) transfer under 28 U.S.C. § 1404(a) ("Section 1404(a)"). For the reasons stated in this

1. This is the manner in which Rib Mountain is named in the Complaint. As the affidavit in support of its motion reflects, the correct corporate name is Rib Mountain Lodge and Ski Corporation.

memorandum opinion and order, the first branch of its motion is granted.[2]

### Facts [3]

Rib Mountain operates a ski resort in Wausau, Wisconsin with attendant ski rental and instruction facilities. On March 6, 1982 Sheryl went to Rib Mountain to ski, rented some equipment from the rental center and took skiing instructions from a Rib Mountain employee. While skiing Sheryl fell and broke her leg.

Rib Mountain has never been registered to do business in Illinois, has never owned realty in Illinois and has never shipped goods into Illinois. All its employees and all members of its Board of Directors (the latter are all Oliva family members) have been and are non-Illinois residents. Its office and records are located in Wisconsin. Its only Illinois-oriented activities are some means of soliciting business: a booth at the 1982 Chicago Ski and Winter Show, newspaper advertisements, newspaper accounts and radio broadcasts of skiing conditions, and circulars in sports and ski shops.

### Motion To Dismiss

This Court looks to Illinois service-of-process standards to determine whether Rib Mountain is amenable to suit here. Because the Illinois Supreme Court has recently made it plain it will not necessarily expand those standards to the full extent the Due Process Clause would allow,[4] this Court need consider only:

1. the Illinois "long-arm" statute, Ill. Rev.Stat. ch. 110, § 2–209 ("Section 2–209"); [5] and

2. the Illinois "doing business" rule.[6]

*Lexington United,* 87 Ill.2d at 199, 57 Ill. Dec. at 733–34, 429 N.E.2d at 850–51.

Berks concedes (Mem. [2]) in personam jurisdiction over Rib Mountain cannot be based on Section 2–209, for Berks' cause of action does not arise out of any Rib Mountain conduct in Illinois. That leaves for determination the "doing business" question, under which the primary inquiry is whether the nonresident corporation:

is conducting business in Illinois "of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws

**2.** Even had this Court reached the opposite conclusion under Rule 12(b)(2), Berks would not have survived in this Court under Section 1404(a) (which she mistakenly labels forum non conveniens). She is flatly wrong in arguing (Mem. [4]) her choice of forum "must be accorded great weight." For some 30 years that has not been the law in this Circuit where (as here) none of the facts sued upon has any connection to this District. *Chicago, R.I. & P. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir. 1955). There is literally no nexus between Berks' *claim* and this District that could keep the case here (and on balance the preponderance of witnesses also favors a Wisconsin forum). Transfer would therefore follow a fortiori from this Court's analysis in *Neminski v. Truckstops Corp. of America,* 560 F.Supp. 282 (N.D.Ill.1983). Thus either way Berks would be relegated to an action in the Wisconsin federal court, and the only difference between the alternatives of dismissal or transfer is the payment of a second filing fee in the former situation—hardly a justification for Berks' having imposed on opposing counsel and this Court by suing here on a claim having no legitimate connection to this District Court.

**3.** These facts derive from Berks' Complaint and the affidavit of Carmilo Oliva ("Oliva"), one of

Rib Mountain's principals. Later in this opinion two other potentially relevant facts will be discussed.

**4.** *Green v. Advance-Ross Electronics Corp.,* 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981) and *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 201, 57 Ill.Dec. 730, 735, 429 N.E.2d 847, 852 (1981).

**5.** In relevant part Section 2–209 reads:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State; . . . .

**6.** Under that rule a nonresident corporation considered to be doing business in Illinois is deemed to have consented to being sued here. *Lexington United,* 87 Ill.2d at 199, 57 Ill.Dec. at 734, 429 N.E.2d at 851.

of the district in which it is served and in which it is bound to appear when a proper agent has been served with process." *Lexington United,* 87 Ill.2d at 201, 57 Ill. Dec. at 735, 429 N.E.2d at 852.

 Illinois "doing business" criteria do not reach nonresident corporations that merely solicit business in Illinois. *Id.,* 87 Ill.2d at 201–03, 57 Ill.Dec. at 735–36, 429 N.E.2d at 852–53. All Rib Mountain's activities referred to in the "Facts" section of this opinion are considered "mere" solicitation for that purpose. *See Braasch v. Vail Associates, Inc.,* 370 F.Supp. 809 (N.D.Ill. 1973) (a startingly similar fact situation).

Berks' response to Rib Mountain's motion asserts two other matters:

1. In 1981 and 1982 Rib Mountain booked travel arrangements through local Holiday Inns.

2. "On information and belief" Chuck Walters, an Illinois resident, has booked a number of Rib Mountain ski tours for Illinois residents in recent years.[7]

But those two assertions do not rise to the necessary level of authorization in light of Oliva Aff. ¶ 12:

At no time in 1982 did Rib Mountain Lodge and Ski Corporation, or any of its agents or employees, appoint by written or oral communication, any individual or entity residing or being located within the State of Illinois to act as its agent, nor [sic] to negotiate sales or purchases nor [sic] to accept or receive money on its behalf.

See *Lexington United,* 87 Ill.2d at 203, 57 Ill.Dec. at 736, 429 N.E.2d at 853; *Wiedemann v. Cunard Line, Ltd.,* 63 Ill.App.3d 1023, 20 Ill.Dec. 723, 380 N.E.2d 932 (1st Dist.1978).

Illinois state court cases cited by Berks in support of jurisdiction are distinguishable as involving defendants' goods or services that came into Illinois and thereafter resulted in harm to Illinois plaintiffs. *Braband v. Beech Aircraft Corp.,* 72 Ill.2d 548,

21 Ill.Dec. 888, 382 N.E.2d 252 (1978); *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961). Though *Aigner v. Bell Helicopters, Inc.,* 86 F.R.D. 532 (N.D.Ill.1980) (another close case on the facts) held solicitation sufficient to invoke in personam jurisdiction, the decisive factor there was the substantial likelihood plaintiff's claim against a Canadian corporation could be heard in no other United States forum. Such is not the case here, for Berks can readily sue Rib Mountain in federal court nearby in Wisconsin.

### Conclusion

Rib Mountain's contacts with Illinois are insufficient to sustain this Court's exercise of in personam jurisdiction. Rib Mountain's Rule 12(b)(2) motion to dismiss is granted.

---

**7.** It should be noted Berks does *not* claim her own trip to Rib Mountain was the result of a Holiday Inn or Walters booking. This Court is

therefore not called on to decide whether that situation would bring Section 2–209 into play.