Joseph MALFEO and Mary Malfeo, Plaintiffs

v.

George L. BLOSSER, Defendant.

No. 86 C 1407.

United States District Court, N.D. Illinois, E.D.

March 10, 1986.

Frank J. Cortina, Neal, Cortina and Assoc., Coal City, Ill., for plaintiffs.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Joseph and Mary Malfeo ("Malfeos") have filed a personal injury action against George Blosser ("Blosser"). Because Malfeos' Complaint does not establish the complete diversity of citizenship necessary for federal jurisdiction, this Court is required to dismiss the Complaint sua sponte.

Complaint ¶ 2 refers to the residences but *not* the states of citizenship of Joseph Malfeo and Blosser. As to Mary Malfeo's citizenship, the Complaint is wholly silent.

Those obviously inadvertent pleading defects deprive this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see 28 U.S.C. § 1332(a)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 85 & n. 96, and cases there cited (1969 ed. and 1985 pocket part); 13B *id.* § 3611, at 516–18 & nn. 27–29; and cases there cited (1984 ed. and 1985 pocket part).

Accordingly the Complaint is dismissed for lack of subject matter jurisdiction.

This Court's regular practice in such situations—one that will also be followed here—makes such dismissals subject to plaintiffs' right to file a proper amended complaint to cure the jurisdictional defect, in this case on or before March 24, 1986 (see 28 U.S.C. § 1653). But because of the circumstances disclosed by Malfeos' Complaint, a strong caveat must be issued to their counsel in that respect.

According to the Complaint, Joseph Malfeo and Blosser were involved in a two-car collision in *Indiana.* Ohio resident (and presumably Ohio citizen) Blosser is not shown to have any connection whatever with the State of Illinois.

Though this Court's opinion in *Berks v. Rib Mountain Ski Corp.,* 571 F.Supp. 500 (N.D.Ill.1983) dealt with a corporate rather than individual defendant,[1] Malfeos' counsel should be aware that it is at least as difficult to hale a nonresident individual defendant into court as it is a nonresident corporation. *Berks'* entire discussion makes it plain that Malfeos are most unlikely to sustain in personam jurisdiction over Blosser—and even if they did, they might still have to confront a 28 U.S.C. § 1404(a) transfer (see *Berks, id.* at 501 n. 2). And counsel must be particularly mindful of the potential for sanctions under Fed.R.Civ.P. 11 if Blosser is required to spend a lawyer's time (and hence money) to dismiss a case brought against him here.

This Court seldom issues what might be viewed as advisory opinions, but it has done so here because Malfeos' counsel must take a fresh look at the lawsuit in any case. By definition the current dismissal is without prejudice to Malfeos' possible filing of this action in a federal or state court of competent jurisdiction that can properly reach Blosser by service of process.

---

**1.** *Berks* is only one of a number of cases in which this Court has made the point discussed in the text of this opinion. It is cited rather than one of the other cases simply because it came to mind first.